

# LAW OFFICE OF PATRICK J MCLAIN, PLLC

900 Jackson Street, Suite 640  
Dallas, Texas 75202  
e-mail: patrick@patrickjmclain.com

402 West Broadway, Suite 1230  
San Diego, California 92101  
phone: 214.416.9100

---

22 October 2025

Office of the US Attorney  
Northern District of Texas  
(Attn: AUSAs Shawn Smith and Frank L. Gatto)  
801 Cherry Street, Suite 1700  
Fort Worth, Texas 76102

Subj:   REQUEST FOR DISCOVERY UNDER FED.R.CRIM.PRO. 16 IN THE CASE OF US v. ARNOLD et al (NDTX CASE NO. 4:25-CR-00259-P)

Ref:   (a) Federal Rule of Criminal Procedure 16  
       (b) scheduling order (NDTX No. 4:25-CR-00259-P (doc. 84) dated 21 Oct 25

1. This is our first discovery request under reference (a) and case law pertaining to discovery in federal criminal cases. Please let us know when you receive this request. Reference (b) permits you seven days to respond to this request, but we request at least an initial response by 0900 on Monday 27 October 2025, since that day is our deadline for motions in limine, which may touch on discovery or evidentiary issues.

2. Since some discovery has already been provided in this matter, if discovery has already been provided which is responsive to portions of this request, please describe with particularity the discovery; i.e., by identifying the corresponding file(s) using the filename(s) regarding that prior discovery. Please send me an unredacted copy of any evidence previously provided, but redacted, and any additional evidence responsive to this request.

3. Please allow inspection of all tangible objects obtained during the investigation into this case, and provide copies if practicable, including those items obtained from Mr. Evetts's person or effects and from his home or the homes of known family or friends.

4. Please provide copies of all other books, papers, documents, or tangible objects the Government plans to offer in evidence in this case or which is relevant or material to the preparation of a defense.

5. Please provide copies of all other books, papers, documents, or tangible objects upon which the Government relied in bringing these charges against Mr. Evetts.

6. Please allow inspection of all property, and provide copies if practicable, in the possession of the Government or its agents or seized by the Government or its agents belonging to or alleged by the Government as belonging to Mr. Evetts or his known family or friends.

Subj:   REQUEST FOR DISCOVERY UNDER FED.R.CRIM.PRO. 16 IN THE CASE OF
        US v. ARNOLD et al (NDTX CASE NO. 4:25-CR-00259-P)

7.  Please provide copies of all statements, confessions, or admissions made by Mr. Evetts, whether written or recorded statements, oral, or summarized in officers' reports, or copies thereof, within the possession, custody, or control of the Government, the existence of which is known or by the exercise of due diligence may become known to the attorneys for the Government.

8.  Please provide copies of all documents, instruments, forms, or statements of any kind signed or purported to have been signed by Mr. Evetts.

9.  Please provide names and addresses of persons who the Government intends to call as witnesses in its case in chief and copies of any written reports or statements made or given by them or copies of any summaries given to the Government by the witnesses.  This includes persons the Government intends to call to rebut a Defense of alibi or lack of mental responsibility, if and when the Defense provides notice of such defenses.

   a.  Please provide any evidence that any potential witness consumed alcohol or other drugs prior to witnessing the events that give rise to his or her testimony, or evidence that a potential witness suffers from or has been diagnosed with or treated for chronic alcoholism or the abuse of any controlled substance(s).

   b.  Please provide any evidence that any potential witness sought or received mental health treatment, including specifically the mental health treatment records to the extent they are not privileged.  If such records exist but are believed to be privileged, please provide notice of the existence of such records.

   c.  Notwithstanding 18 U.S.C. § 3500, please provide any statement subject to disclosure under the Jencks Act as soon as the witness who made the statement is identified as one the Government intends to call in its case in chief.  This will help facilitate an orderly trial and maximize judicial economy, rather than force the Defense to request a recess or continuance of unknown length after every Government witness who has made a prior statement.

10.  Please provide names and addresses of all expert witnesses the Government intends to call in its case on the merits, as well as copies of any written reports submitted by those witnesses, or copies of any summaries given to the Government by the expert witnesses.

11.  Please provide any and all arrest and conviction records of all persons the Government intends to call as a witness.

12.  Please provide a copy of any criminal, arrest, employment, training, or other records pertaining to Mr. Evetts within the possession, custody, control, or knowledge of the Government.

13.  Please permit the defense to inspect, and provide copies if practicable, of any and all evidence of any nature whatsoever including the names and statements of any witnesses or potential witnesses now known, or which through due diligence may be learned from the investigating officers or the witnesses or persons having knowledge of this case, which is exculpatory in nature or which might serve to mitigate punishment, and including any evidence

Subj:   REQUEST FOR DISCOVERY UNDER FED.R.CRIM.PRO. 16 IN THE CASE OF
       US v. ARNOLD et al (NDTX CASE NO. 4:25-CR-00259-P)

impeaching or contradicting testimony of Government witnesses or instructions to Government witnesses not to speak with or discuss the facts of the case with defense counsel.

14. Please provide copies of any results or reports of physical examinations, scientific tests, experiments, or accounting audits of Mr. Evetts's financial condition which are within the possession, custody, or control of the Government.

15. Please provide any evidence or information used to identify Mr. Evetts as a suspect or person of interest in this matter, including, but not limited to, traditional identification lineups, facial or other biometric identification software, and statements of a co-accused or informant.

16. Please provide any search warrant sought or approved related to this case, as well as any affidavits supporting such warrants. This request includes any/all information and documentation related to the use of geolocation as an investigative tactic, including the issuance of any geofence or similar search warrants relying on longitudinal and latitudinal coordinates in any way.

17. Please provide a complete, legible copy, including all attachments, of any investigative report or activity prepared or conducted by any investigative agency related to this case, specifically including but not limited to:

   a. All interim reports no longer in a draft status, even if they are intended for inclusion in a complete report not yet final;

   b. Any agency or law enforcement documents and data, made in connection with this case, including all attachments. This request includes all forms and documents, including witness reliability forms, data sheets, and other relevant documents. This request includes, but is not limited to, the following relevant documentation: interview logs; interview records; source dossier and forms related to any confidential informants; informants' notes; any document detailing the disbursement of any funds in support of the investigation in this case; investigative records checks, including NCIC checks, run on any person during the investigation of this case; internal communications, emails, or other documents used to brief, respond to, and/or request investigative activities related to this case; all records reflecting the chain of custody of any evidence seized and/or tested; and all personal or business notes, memoranda, and other writings prepared by investigators in the case that are not furnished pursuant to any other provisions of this request.

   c. The names of all government investigators who have participated, or are presently participating, in the investigation of this case, as well as their accreditation, any previous law-enforcement or investigative jobs held, and a statement as to their length of service in such jobs.

   d. Any evidence of the revocation or suspension of the credentials of any investigators involved in this case, or evidence that any investigator was a subject or suspect in an internal affairs investigation.

   e. Notice of any expected forensic or scientific testing that may destroy evidence.

Subj:  REQUEST FOR DISCOVERY UNDER FED.R.CRIM.PRO. 16 IN THE CASE OF US v. ARNOLD et al (NDTX CASE NO. 4:25-CR-00259-P)

    f. All laboratory reports, expert conclusions or statements, chain of custody documents, forensic notes, and other evidence or documents relied on by government experts in the performance of their services.  This includes any laboratory tests, field tests, and reports thereof; including, but not limited to, DNA, fingerprints, blood samples, handwriting exemplars, and chemical analyses of substances seized, regardless of the results of the tests.

    g. Copies of any inspections by accrediting bodies of any laboratory conducting forensic or scientific testing of evidence in this case.  This request specifically includes any ballistics testing conducted on any firearm or ammunition related to this case.

    h. If Mr. Evetts was subjected to a pre-textual phone call, text message exchange, or meeting, whether recorded or not, please provide the time, date, and persons involved with such a pre-textual exchange, and copies of all documentation or correspondence relating to the exchange.

18. Please provide evidence or information of any promises of immunity or leniency which have been made to any potential witness for the Government by law enforcement, prosecutorial, or other Government personnel.  This includes the contents of any formal or informal pretrial agreement reached with any co-conspirator or potential witness.

19. Please provide any audio or video recordings, and transcripts previously prepared of such recordings, related to the events of 4 July 2025.  Specifically, please provide any recordings of internal communications between federal law enforcement or Prairieland Detention Center personnel and any recordings of their call(s) to local law enforcement for assistance.

20. Please provide any medical records prepared as a direct result of the charged conduct in this case, specifically but not necessarily limited to medical treatment records involving the wounded officer identified in the indictment in this case.

21. Please provide any and all evidence, documentation, or other information relied upon by law enforcement personnel and prosecutors to conclude that the group identified in the indictment as "a North Texas Antifa Cell" does indeed constitute or self-identifies as "a military enterprise made up of network of individuals and small groups primarily ascribing to a revolutionary anarchist or autonomous Marxist ideology which explicitly calls for the overthrow of the United States Government, law enforcement authorities, and the system of law', or similar description.

22. Please provide any and all evidence, documentation, or other information relied upon by law enforcement personnel and prosecutors to conclude the Mr. Evetts is a member of the group identified in the indictment as "a North Texas Antifa Cell."

23. Please provide any and all evidence within the possession of the Government constituting communications between individuals whom the Government believe to be members of the group identified in the indictment as "a North Texas Antifa Cell."

24. Please provide notice of any pretrial publicity that is in any way related to this case.  This discovery is necessary so that the Defense may properly conduct voir dire and may examine the necessity of raising a motion for a change of venue.

Subj:   REQUEST FOR DISCOVERY UNDER FED.R.CRIM.PRO. 16 IN THE CASE OF
          US v. ARNOLD et al (NDTX CASE NO. 4:25-CR-00259-P)

25.  Please forward to me, as soon as you possess such information, any and all information obtained or to be obtained by the Government regarding the jury panel and the members thereof.

26.  Even if not captured above, please provide all matters that Federal Rule of Criminal Procedure 16, statute, or case law either permits or requires you to give to the defense in discovery in a federal criminal case.

27.  This is a continuing request for discovery.  That is, if after the time of receipt of this request, you receive additional matters that meet the criteria of the above requested matters, please forward such matters, or give notice if applicable, as soon as possible.  Thank you for all your cooperation in this matter, and please advise me when you have received this request.

                                              Semper Fidelis,

                                              Patrick J. McLain