

# Law Office of Patrick J McLain, PLLC

900 Jackson Street, Suite 640  
Dallas, Texas 75202  
e-mail: patrick@patrickjmclain.com

402 West Broadway, Suite 1230  
San Diego, California 92101  
phone: 214.416.9100

---

10 December 2025

Office of the US Attorney, Northern District of Texas  
(Attn: AUSAs Shawn Smith and Frank L. Gatto)  
801 Cherry Street, Suite 1700  
Fort Worth, Texas 76102

Subj: FOURTH REQUEST FOR DISCOVERY UNDER FED.R.CRIM.PRO. 16 AND REQUEST FOR SECURITY CLEARANCE ADJUDICATION FOR DEFENDANT EVETTS'S ATTORNEYS IN THE CASE OF US v. ARNOLD et al (NDTX CASE NO. 4:25-CR-00259-P)

Ref: (a) Federal Rule of Criminal Procedure 16

1. This is our third supplemental, or fourth in total, discovery request under reference (a) and case law pertaining to discovery in federal criminal cases. Please let us know when you receive this request. I note that portions of the prior three discovery requests have been consolidated into a Motion for Discovery and Inspection of Evidence, filed as ECF 100. This request does not recapitulate those items covered in ECF 100, for which we will seek a hearing in due course.

2. Since some discovery has already been provided in this matter, if discovery has already been provided which is responsive to portions of this request, please describe with particularity the discovery; i.e., by identifying the corresponding file(s) using the filename(s) regarding that prior discovery. Please send me an unredacted copy of any evidence previously provided, but redacted, and any additional evidence responsive to this request.

3. Please note that a negative response, if applicable, is requested with respect to each paragraph below. Please also note the court's requirement that the "government must respond in writing to any request made in accordance with" a scheduling order. This request is made in accordance with paragraph 3 of the Court's scheduling order issued on 4 December 2025 in ECF 119.

4. Please provide all discovery related to AUSA Shawn Smith's statements in support of Government's Motion to Have Case Designated as Complex (ECF 94, and more accurately stated as the Government's motion to continue the trial from its originally scheduled date of November 24, 2025) in paragraph 8 of that document: "Some of the material may implicate classified information. Although the material falls outside of the government's discovery obligations, the government may need to address the classified information in a motion pursuant to [CIPA]…"

5. In lieu of producing the classified material itself at this time, please provide a statement of the

Subj:   REQUEST FOR DISCOVERY UNDER FED.R.CRIM.PRO. 16 IN THE CASE OF
US v. ARNOLD et al (NDTX CASE NO. 4:25-CR-00259-P)

general nature of the purported classified information and a brief unclassified description of same, to include the following:

    (a) is the material solely inculpatory, solely exculpatory, or a blend of both?
    (b) which executive agency or IC member holds the material?
    (c) who is the Original Classification Authority (OCA) for the material?
    (d) at what level is the material classified (Confidential, Secret, Top Secret, SAP, Q, other)?
    (e) what is the general nature of the risk to national security posed by release of the material?
    (f) is the material relevant to all defendants in the superseding indictment, and if not, to which defendants is the material potentially relevant?

6. Please produce an unredacted classification guide covering the material referenced by AUSA Smith, see paragraph 4 above.

7. Two attorneys on Mr. Evetts's defense team have been previously cleared for access to classified information where there is a need to know, as there clearly is in this case. Brad Sauer has a current TS/SCI clearance as an officer in the U.S. Air Force Reserve. Brian Bouffard carried a TS/SCI clearance between September 2020 and January 2025 as a GS-15 Supervisory Trial Attorney in the Department of Defense, Military Commissions Defense Organization. While Mr. Bouffard's need to know is no longer in effect for military commissions cases, his clearance adjudication may not yet have expired. We thus request immediate processing to grant Mr. Sauer, and Mr. Bouffard if his security clearance adjudication through DOD is still in effect, access to this classified information to expedite our trial preparation.

8. **We request the initiation of appropriate security clearance adjudication for Mr. McLain, Mr. Bouffard, and Mr. Sauer, as may be necessary, immediately.**

9. This is a continuing request for discovery. That is, if after the time of receipt of this request, you receive additional matters that meet the criteria of the above requested matters, please forward such matters, or give notice if applicable, as soon as possible. Thank you for all your cooperation in this matter, and please advise me when you have received this request.

                                            Semper Fidelis,

                                            */s/*
                                            Patrick J. McLain
                                            Lead Defense Counsel for Mr. Evetts