IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:25-CR-259-P |
| CAMERON ARNOLD (01) a/k/a "Autumn Hill" | |
| ZACHARY EVETTS (02) | |
| BENJAMIN SONG (03) | |
| SAVANNA BATTEN (04) | |
| BRADFORD MORRIS (05) a/k/a "Meagan Morris" | |
| MARICELA RUEDA (06) | |
| ELIZABETH SOTO (07) | |
| INES SOTO (08) | |
| DANIEL ROLANDO SANCHEZ-ESTRADA (09) | |

## RESPONSE TO DEFENSE AMENDED MOTION FOR DISCOVERY

The United States respectfully asks this Court to deny Defendant Zachary Evetts's Amended Motion for Discovery (ECF No. 166).

*First,* Evetts's motion amounts to a frivolous attempt to seek reconsideration as to the bulk of his demanded discovery. This Court already considered and fully rejected Evetts's arguments from his original motion about the first 13 categories from his list of discovery demands. (ECF Nos. 100, 103). His current motion adds no material facts relevant to the previously denied requests—the only new facts concern the later-added classified materials demands (categories 14 and 15). And although Evetts expands his legal arguments for the earlier demands (*see* ECF No. 167), he merely "rehash[es] old arguments [and] advanc[es] theories of the case that could have been presented earlier."

Response to Defense Amended Motion for Discovery – Page 1

*Charalambopoulos v. Grammar*, 2016 WL 5942225, at *2 (N.D. Tex. Oct. 13, 2016). Because Evetts has failed to establish that reconsideration is warranted on the Court's order denying discovery for categories 1–13, his motion should be denied.

*Second*, most of the demands are moot or seek materials outside the scope of Rule 16 that are equally available to the defense and prosecution. The United States told Evetts this in an October 30, 2025 email that Evetts conspicuously omits (despite quoting 14 other emails) in misleadingly accusing the United States of stonewalling. Some of the relevant discovery categories are briefly addressed below:

- Category 1 (Antifa propaganda materials): The United States told Evetts that it had already produced digital copies of the "pictures and scanned copies of the [demanded] pamphlets," and explained that Evetts could make arrangements to inspect the physical pamphlets if they so desired. Ex. A. At no time in the last two months has his counsel chosen to make such an inspection.

- Category 2 (jail phone calls): The United States informed Evetts's counsel that it "does not have your client's jail calls" and that he would "need to contact . . . the facilities directly to receive them." Ex. A. Because the records are "equally available to both the defense and the prosecution, [Evetts] must bear the responsibility of failing to conduct a diligent investigation" by obtaining this discovery. *Kutzner v. Cockrell*, 303 F.3d 333, 336 (5th Cir. 2002). Despite the calls not being within the scope of Rule 16, the United States has in any case recently collected some of Evetts's phone calls held by the Bureau of Prisons and produced such records to Evetts.

- Category 6 (internal affairs files or derogatory information about investigators): The United States told Evetts it "is not aware of any agent being suspended or subject to an internal affairs investigation." Ex. A.

- Category 12 (public statements by anyone in the Executive Branch): The United States told Evetts that the Government (i.e., the prosecutorial team) does not possess all "public statements" made by any member of the Executive branch about the case. Ex. A. Because public statements are public and thus are equally available to both sides, they are outside the scope of Rule 16. *Cf. Kutzner*, 303 F.3d at 336.

Beyond these items specifically addressed in the October 2025 email, the United States avers that it is unaware of any unproduced discovery for categories 7, 10, and 11.

*Third*, Evetts fails to make a threshold showing of materiality for all his demands, and many of his requests are overly broad and burdensome on their face. For instance, Evetts demands the (1) "full names and any other available identifying information of all detainees held at the Prairieland Detention Center on 4 July 2025," as well as information on (2) whether the individual is still in custody, (3) what each detainee in custody's location was on November 3, 2025, and (4) the status of each detainee no longer in custody. Evetts does not explain why this information, which is not discoverable because it is not "readily available" to the Government (again, the prosecutorial team), *Williams v. Whitley*, 940 F.2d 132, 133 (5th Cir. 1991), is likely to matter. Evetts has access to terabytes of body camera and CCTV footage of the attack. He has dismissed this evidence as "largely irrelevant," (ECF No. 104 at 5), and he does not explain why obtaining the detainees' information—seemingly needed to find eyewitness testimony from the perspective of the detainees —is likely to materially alter the quantum of proof in his case. Evetts's other overly broad demands, made without even an attempt to establish materiality, include his request for complete accounting of the names, job history, and accreditations of "all government investigators" involved in the case (category 5), all records of "ammunition fired" or "use of force" by "local or federal law enforcement personnel on 4 July 2025" (category 4), and all "text messages, mobile data terminal messages, or communications, as well as any other formal or informal communications among officers . . . between or among federal law enforcement,

Prairieland Detention Center personnel, and local law enforcement requesting assistance" relating to the attack (category 9).  The Court's original ruling denying discovery as to all these categories was well-founded and should be reaffirmed.

*Fourth*, as to Evetts's demands relating to classified materials (categories 14 and 15), the United States is already diligently working to satisfy his demands while complying with federal law.  The United States has completed its review of the materials and is working to disclose the materials—which will likely amount to no more than one page—consistent with CIPA's procedures.  In the meantime, the United States can confirm that the materials are not exculpatory.

*Fifth*, Evetts fails to carry his burden as to his demand in category 3 that *Jencks* materials should be produced earlier than the day before a witness is to testify.  "In this district, . . . it is the custom for Jencks Act-type materials, including statements under Rule 26.2(a), to be disclosed at the end of the business day preceding the date on which the defendant will begin his cross-examination of a witness." *United States v. Khoury*, 2014 WL 6633065, at *5 (N.D. Tex. Nov. 24, 2014).  Courts in this district routinely deny requests for earlier disclosure, *e.g.*, *United States v. Landeta*, No. 2:18-CR-130-D, 2019 WL 2326115, at *1 (N.D. Tex. May 31, 2019), just as this Court did when it denied Evetts's original motion. (ECF No. 100, 103).  Because Evetts offers nothing explaining why the customary rule should be discarded other than his conclusory claim that it undermines fairness and judicial efficiency, his request should be denied.

## CONCLUSION

The United States respectfully asks this Court to deny Defendant Zachary Evetts's Amended Motion for Discovery (ECF No. 166).

    Respectfully submitted,

    RYAN RAYBOULD
    UNITED STATES ATTORNEY

    *s/ Matthew Capoccia*
    MATTHEW CAPOCCIA
    Assistant United States Attorney
    Texas State Bar No. 24121526
    801 Cherry Street, Suite 1700
    Fort Worth, Texas 76102
    Telephone: 817-252-5200
    Email: matthew.capoccia@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on January 9, 2026, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorney of record who has consented in writing to accept this Notice as service of this document by electronic means. A courtesy copy of the filed motion has also been emailed to the above-mentioned defense counsel.

                                          *s/ Matthew Capoccia*
                                          MATTHEW CAPOCCIA
                                          Assistant United States Attorney