IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:25-CR-259-P |
| CAMERON ARNOLD, ET AL. | |

## AGREED CHARGE

Per the Court's order, the government submits the attached Agreed Charge.

Unless otherwise noted, the instructions are drawn from the 2024 edition of the Fifth

Circuit *Pattern Jury Instructions*.   The parties may respectfully ask leave to submit

supplemental jury instructions as necessary to conform to the evidence at trial.

Respectfully Submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY


*s/ Frank L. Gatto*
FRANK L. GATTO
Assistant United States Attorney
Texas State Bar No. 24062396
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone:   817-252-5200
Email: Frank.Gatto@usdoj.gov

## CERTIFICATE OF CONFERENCE

I certify that on February 9, 2026, I sent a copy of the government's proposed jury charge to counsel for the defendants. On February 10, 2026, the follow counsel responded:

Rachel Taft, counsel for defendant Sanchez;

indicating they had objections to the proposed jury charge and submitted proposed instructions to include in the charge. The parties conferred on February 11, 2026, and put forth their best efforts resolve their conflicts on the proposed charge. All areas of disagreement are bold, indicate the party requesting the jury instruction language, and followed by a footnote that states the parties' arguments and authority.

*s/ Frank L. Gatto*
FRANK L. GATTO
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on February 11, 2026, I electronically filed this pleading with the clerk of the court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system.

*s/ Frank L. Gatto*
FRANK L. GATTO
Assistant United States Attorney

TABLE OF CONTENTS

Proposed Instructions

Proposed Instruction No. 1          1.01 Preliminary Instructions

Proposed Instruction No. 2          1.02 Note Taking by Jurors-Alternate B

Proposed Instruction No. 3          1.03 Introduction to Final Instructions

Proposed Instruction No. 4          1.04 Duty to Follow Instructions

Proposed Instruction No. 5          1.05 Presumption of Innocence, Burden of
                                    Proof, Reasonable Doubt

Proposed Instruction No. 6          1.06 Evidence—Excluding What Is Not
                                    Evidence

Proposed Instruction No. 7          1.08 Evidence—Inferences—Direct and
                                    Circumstantial

Proposed Instruction No. 8          1.09 Credibility of Witnesses

Proposed Instruction No. 9          1.10 Character Evidence

Proposed Instruction No. 10         1.29 Confession-Statement-Voluntariness
                                    (Multiple Defendants)

Proposed Instruction No. 11         1.16 Accomplice Co-Defendant Plea
                                    Agreement

Proposed Instruction No. 12         1.18 Expert Opinion Testimony

Proposed Instruction No. 13         Riots

Proposed Instruction No. 14         2.92A Providing Material Support to
                                    Terrorists

Proposed Instruction No. 15         Conspiracy to Use an Explosive to Commit
                                    a Federal Felony or Carry an Explosive
                                    During the Commission of a Federal Felony

Proposed Instruction No. 16         Using an Explosive to Commit a Federal
                                    Felony or Carrying an Explosive During the
                                    Commission of a Federal Felony

Proposed Instruction No. 17         Attempted Murder of an Officer or
                                    Employee of the United States

Proposed Instruction No. 18         2.44A & B Discharging a Firearm during, in
                                    relation to, a crime of violence

Proposed Instruction No. 19         Corruptly Concealing a Document or
                                    Record

Proposed Instruction No. 20         Conspiracy to Conceal Documents

Proposed Instruction No. 21                     Aiding and Abetting (Agency)

Proposed Instruction No. 22                     2.17 Conspirator's Liability for Substantive
                                                Count (*Pinkerton* Liability)

Proposed Instruction No. 23                     1.19 On or About

Proposed Instruction No. 24                     1.41 Knowingly - to Act

Proposed Instruction No. 25                     1.43 Willfully – To Act

Proposed Instruction No. 26                     1.21 Caution—Consider Only Crime
                                                Charged

Proposed Instruction No. 27                     1.25 Multiple Defendants—Multiple
                                                Counts

Proposed Instruction No. 28                     1.22 Caution—Punishment

Proposed Instruction No. 29                     1.26 Duty to Deliberate

Verdict Form

PROPOSED JURY INSTRUCTION NO. 1

**1.01   PRELIMINARY INSTRUCTION**

Members of the Jury: Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply those facts to the law as the court will give it to you. You must follow that law whether you agree with it or not. Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way.

Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now.

1.      Statements, arguments, and questions by lawyers [or the Court] are not evidence.

2.      Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the

**Agreed Charge of the Court - Page  3  of 73**

court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.      Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.      Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First: a defendant is presumed innocent until proven guilty. The indictment brought by the government against a defendant is only an accusation, nothing more. It is not proof of guilt or anything else. A defendant therefore starts out with a clean slate.

Second: the burden of proof is on the government **until the very end of the case**.[1] A defendant has no burden to prove his or her innocence, or to present any evidence, or to testify. Since a defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that a defendant may not have testified.

Third: the government must prove a defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later but bear in mind that in this respect a criminal case is different from a civil case.

In this case **some of** the defendants are charged with inciting or intending to incite a riot, providing material support to terrorism, conspiring to use or carry an explosive, carrying an explosive during the commission of a federal felony offense, committing attempted murder and aggravated assault of a federal officer, and discharging a firearm during and in relation to a federal crime of violence. **Some of the defendants are charged with** ~~tampering~~ **concealing** and conspiring to ~~tamper with~~ **conceal** documents~~, and aiding and abetting~~.   I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will give you a brief summary of the elements of those offenses that the government must prove beyond a reasonable doubt to make its case.**[2]**

---

[1] Defendant Elizabeth Soto objects to the bold underline language. She contends the underline language "shifts the burden of proof by implying the government no longer has the burden of proof once testimony has concluded. The government opposes this objection. This language is directly from the Fifth Circuit Pattern Jury Instructions. Defendant Elizabeth Soto has not cited any Fifth Circuit case law indicating this language is error. And the following sentences make clear to the jury that the defendant never carries any burden to prove innocence.

[2] The bold and strike-through are Defendant Sanchez's requested language and deletions. The government

Count One of the Second Superseding Indictment charges the defendants named therein with rioting. For Count One of the Second Superseding Indictment, the government must prove first that the defendant used any facility of interstate commerce. Second, the defendant did so with the intent to incite a riot; or to organize, participate in or carry on a riot; or to commit any act of violence in furtherance of a riot; or to aid or abet any person in inciting, or participating in, or carrying on a riot, or committing any act of violence in furtherance of a riot. And third, the defendant committed or attempted to commit an overt act, either during the use of a facility of interstate commerce or after such use, for the purpose of inciting a riot; or organizing, promoting, encouraging, participating in, or carrying on a riot; or committing any act of violence in furtherance of a riot; or aiding or abetting any person in inciting, or participating in, or carrying on a riot, or committing any act of violence in furtherance of a riot.

Count Two of the Second Superseding Indictment charges the defendants named therein with providing material support to terrorists. For Count Two of the Second Superseding Indictment, the government must prove first that the defendant provided or attempted to provide material support or resources; or concealed or disguised, or attempted to conceal or disguise, the nature, location, source, or ownership of material support or resources in the manner described in the Second Superseding Indictment. And second the defendant did so knowing or intending that the material support or resources were to be used to prepare for or carry out a violation of 18 U.S.C. §§ 844(f), 1114, or

---

is not opposed.

1361; or to carry out the concealment of an escape from the commission of 18 U.S.C. §§ 844(f), 1114, or 1361.

Count Three of the Second Superseding Indictment charges the defendants named therein with conspiring to use or carry an explosive to commit a federal felony offense, or during the commission of a federal felony offense. For Count Three of the Second Superseding Indictment, the government must prove first that two or more persons agreed to use an explosive to knowingly commit a federal felony offense, or that two or more persons agreed to carry an explosive during the commission of a federal felony offense. Second, that the defendant knew of the unlaw purpose of the agreement. And third, that the defendant knowingly and voluntarily joined in the agreement.

Count Four of the Second Superseding Indictment charges the defendants named therein with using an explosive to commit a federal felony offense or carrying an explosive during the commission of a federal felony offense. For Count Four of the Second Superseding Indictment, the government must prove first that the defendant used an explosive, or the defendant carried an explosive. And second, that the defendant used the explosive to commit ~~a federal felony offense~~ **the federal felony offense of Riot as charged in Count One of the Second Superseding Indictment**, or the defendant carried an explosive during the commission of ~~a federal felony offense~~ **the federal felony offense of Riot as charged in Count One of the Second Superseding Indictment**.[3]

---

[3] The striking out and bold language was requested by defendant Elizabeth Soto. The government is unopposed to this request.

Counts Five through Seven of the Second Superseding Indictment charges the defendants named therein with attempting to kill an officer or employee of the United States or attempting to kill a person assisting an officer or employee of the United States. Four Counts Five through Seven of the Second Superseding Indictment, the government must prove first that the defendant intended to kill the person named in the Count. Second, the defendant took a substantial step toward killing the person named in the Count. Third, the person named in the Count was an officer or employee of the United States, or a person assisting such an officer or employee. And fourth, the defendant attempted to kill the person named in the Count while the person was engaged in, or on account of, the performance of official duties, or while the person was assisting such an officer or employee in the performance of such duties or on account of that assistance.

Counts Eight through Ten of the Second Superseding Indictment charge the defendants named therein with discharging a firearm during or in relation to a federal crime of violence. Four Counts Eight through Ten of the Second Superseding Indictment, the government must prove first that the defendant committed the crime of violence. Second, the defendant used or carried a firearm during or in relation to the federal crime of violence. And third, the firearm was discharged.

Count Eleven of the Second Superseding Indictment charges the defendant named therein with corruptly concealing, or attempting to conceal, documents, records, or other objects with the intent to impair their integrity or availability for use in an official proceeding.   For Count Eleven of the Second Superseding Indictment, the government must prove first that the defendant concealed or attempted to conceal a document, record,

or other object. Second, the defendant acted knowingly. Third, the defendant acted corruptly. And fourth, the defendant intended to impair the items' integrity or availability for use in an official proceeding.

Finally, Count Twelve of the Second Superseding Indictment charges the defendants named therein with conspiring to corruptly conceal documents, records, or other objects with the intent to impair their integrity or availability for use in an official proceeding. For Count Twelve of the Second Superseding Indictment, the government must prove first that the defendant conspired with another to corruptly conceal documents, records, or other objects with the intent to impair their integrity or availability for use in an official proceeding. Second, the defendant knew of the unlawful purpose of the conspiracy. And third, at least one overt act was taken by a coconspirator in furtherance of the conspiracy.

Now, a few words about your conduct as jurors. During the course of the trial, do not speak with any witness, or with any defendant, or with any of the lawyers in the case. Please do not talk with them about any subject at all. You may be unaware of the identity of everyone connected with the case. Therefore, to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the courtroom or courthouse. It is best that you remain in the jury room during breaks in the trial and do not linger in the hall. In addition, during the course of the trial, do not talk about the trial with anyone else—not your family, not your friends, not the people with whom you work. Also, do not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial.

Otherwise, without realizing it, you may start forming opinions before the trial is over. It is important that you wait until all the evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in this case, and the individuals involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

I know that many of you use cell phones, the internet, and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case through any means, including your cell phone, through e-mail, iPhone, text messaging, or on Snapchat or Twitter, or through any blog, website, or social-medial platform, including Facebook, Google, WhatsApp, Instagram, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**Agreed Charge of the Court - Page 10 of 73**

I will now give you a roadmap to help you follow what will happen over the entire course of this trial. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it is admitted. Next, a defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and counsel for a defendant may cross examine them. Following the government's case, a defendant may, if he or she wishes, present witnesses whom the government may cross-examine. If a defendant decides to present evidence, the government may introduce rebuttal evidence.

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

PROPOSED JURY INSTRUCTION NO. 2

**1.02   NOTE TAKING BY JURORS (OPTIONAL ADDITION TO PRELIMINARY INSTRUCTION)—ALTERNATIVE B**

If you would like to take notes during the trial, you may do so. On the other hand, you are not required to take notes if you prefer not to do so. Each of you should make your own decision about this.

If you decide to take notes, be careful not to get so involved in the note-taking that you become distracted from the ongoing proceedings. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you do not take notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you take notes or not, each of you must form and express your own opinion as to the facts of the case.

You will note that we do have an official court reporter making a record of the trial; however, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

The trial will now begin.

**Agreed Charge of the Court - Page  12  of 73**

PROPOSED JURY INSTRUCTION NO. 3

**1.03   INTRODUCTION TO FINAL INSTRUCTIONS**

Members of the Jury: In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions ~~which~~ that apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case. Finally, I will explain to you the procedures you should follow in your deliberations.

PROPOSED JURY INSTRUCTION NO. 4

**1.04   DUTY TO FOLLOW INSTRUCTIONS**

You, as jurors, are the judges of the facts. But in determining what actually happened— that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy, and without consulting any outside or online source or materials. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

PROPOSED JURY INSTRUCTION NO. 5

**1.05    PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT**

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, a defendant is presumed by the law to be innocent. A defendant begins with a clean slate. The law does not require a defendant to prove his or her innocence or produce any evidence at all [and no inference whatever may be drawn from the election of any defendant not to testify].[4]

The government has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit that defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

---

[4.] Modify bracketed material if any defendant testifies.

**Agreed Charge of the Court - Page 15 of 73**

PROPOSED JURY INSTRUCTION NO. 6

## 1.06    EVIDENCE – EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence that has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

**Agreed Charge of the Court - Page  16  of 73**

PROPOSED JURY INSTRUCTION NO. 7

**1.08   EVIDENCE – INFERENCES – DIRECT AND CIRCUMSTANTIAL - ALTERNATIVE A**

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all the evidence that was presented to you.

The law makes no distinction between the weights to be given either direct or circumstantial evidence. But the law requires that you, after weighing all the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

PROPOSED JURY INSTRUCTION NO. 8
**1.09    CREDIBILITY OF WITNESSES**

I remind you that it is your job to decide whether the government has proved the

guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all the

evidence. This does not mean, however, that you must accept all the evidence as true or

accurate.

You are the sole judges of the credibility or "believability" of each witness and the

weight to be given to the witness's testimony. An important part of your job will be

making judgments about the testimony of the witnesses [including any defendant][5]  who

testified in this case. You should decide whether you believe all, some part, or none of

what each person had to say, and how important that testimony was.

**In making that decision I suggest that you ask yourself a few questions: Did**

**the witness impress you as honest? Did the witness have any particular reason not to**

**tell the truth? Did the witness have a personal interest in the outcome of the case?**

**Did the witness have any relationship with either the government or the defense?**

**Did the witness seem to have a good memory? Did the witness clearly see or hear the**

**things about which he or she testified? Did the witness have the opportunity and**

**ability to understand the questions clearly and answer them directly? Did the**

**witness's testimony differ from the testimony of other witnesses? These are a few of**

**the considerations that will help you determine the accuracy of what each witness**

---

[5.] Modify bracketed language if a defendant does not testify.

**Agreed Charge of the Court - Page  18  of 73**

**said**.[6]

[The testimony of a defendant should be weighed, and his or her credibility evaluated in the same way as that of any other witness.][7]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

---

[6] Defendant Elizabeth Soto objects to the bold underline language. She argues this is "an unlawful comment on the weight of the testimony." The government opposes. This language is straight from the Fifth Circuit pattern jury instructions and has been approved by the Fifth Circuit for use. The government also disagrees that this language is an unlawful comment on the weight of the testimony.

[7.] Modify bracketed language if a defendant does not testify.

PROPOSED JURY INSTRUCTION NO. 9

## 1.10   CHARACTER EVIDENCE

Where a defendant has offered evidence of good general reputation or opinion testimony concerning peacefulness or character as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

PROPOSED JURY INSTRUCTION NO. 10

**1.29    CONFESSION—STATEMENT—VOLUNTARINESS (MULTIPLE DEFENDANTS)**

In determining whether any statement, claimed to have been made by a defendant outside of court and after an alleged crime was committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care. You should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant, his or her treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

Any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

PROPOSED JURY INSTRUCTION NO. 11

## 1.16    ACCOMPLICE—CO-DEFENDANT—PLEA AGREEMENT

In this case the government called alleged accomplices or coconspirators as some of its witnesses with whom the government has entered into plea agreements. These agreements provide for the government not bringing additional charges, and the government potentially asking the court for sentencing leniency. Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice or coconspirator, including one who has entered into a plea agreement with the government, is not prohibited from testifying. **<u>On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty</u>**.[8] You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice or coconspirator unless you believe that testimony **proves each and every element of the charged offense**[9]  beyond a reasonable

---

[8] Defendants Arnold (Hill) and Rueda object to the bold underline language. They argue, "The struck portion is an unnecessary comment on the weight of the evidence. It serves no purpose to single out this evidence as being of a quality that it may alone sustain a conviction. Rather, it impinges upon the presumption of innocence and lightens the burden of the government." The government opposes defendant Arnold's (Hill's) objection. The language is in the Fifth Circuit pattern jury instructions and reflects an accurate statement of the law.

[9] The bold language is requested by defendants Arnold (Hill) and Rueda. They argue, "The added portion is merely a complete statement of law." The government opposes. This is not a correct statement of the law. The government's witness is not required to prove each and every element of the offense charged. The government's witness may be one of several witnesses and other elements used to prove each and every element of the offense. Therefore, this would be an incorrect statement of the law.

**Agreed Charge of the Court - Page  22  of 73**

doubt.

The fact that an accomplice or coconspirator has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

PROPOSED JURY INSTRUCTION NO. 12
## 1.18   EXPERT OPINION TESTIMONY

During the trial you heard testimony from witnesses who expressed certain opinions regarding Antifa, fireworks and explosives, DNA, toolmarking comparisons, and gunshot residue.

**If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters**.[10]

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

---

[10] Defendant Arnold (Hill) objects to the bold underline language. Defendant Arnold (Hill) argues, "The struck portion is a recitation of the requirement in Federal Rule of Evidence 702(a). Rulings on the admissibility of evidence is of no concern to the jury. Elsewhere in the charge, the Court instructs the jury, 'Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.' Then this instruction interjects basis of the Court's ruling on expert opinions. The instruction serves no permissible purpose, and it bolsters the witness that testimony about the listed topics." The government opposes.   This is from the Fifth Circuit pattern jury instructions, and the government believes it is a correct statement of the law.

**Agreed Charge of the Court - Page  24  of 73**

PROPOSED JURY INSTRUCTION NO. 13
**RIOTS**

I will now go over the elements for each offense in each Count in the Second Superseding Indictment.

Count One of the Second Superseding Indictment charges the defendants named therein, aiding and abetting each other, with rioting. Title 18, United States Code, Section 2101(a) makes it a crime for anyone to use any facility of interstate commerce to incite a riot; or organize, participate in, or carry on a riot; or commit any act of violence in furtherance of a riot; or aid or abet any person in inciting or participating in or carrying on a riot or committing any act of violence in furtherance of a riot. For you to find any of the defendants named in Count One guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:     The defendant used any facility of interstate commerce;

*Second*:     The defendant did so with the intent to incite a riot; or organize, participate in or carry on a riot; or commit any act of violence in furtherance of a riot; or aid or abet any person in inciting, or participating in, or carrying on a riot, or committing any act of violence in furtherance of a riot; and

*Third*:     The defendant committed or attempted to commit an overt act, either during the use of a facility of interstate commerce or after such use, for the purpose of inciting a riot; or organizing, promoting, encouraging, participating in, or carrying on a riot; or committing any act of violence in furtherance of a riot; or aiding or abetting any person in inciting, or participating in, or carrying on a riot, or committing any act of violence in furtherance of a riot.[11]

---

[11] The Fifth Circuit does not have a pattern jury instruction on the offense of Riots. The government is also unaware of any Fifth Circuit case law delineating the elements of the offense.  The above elements are

The term *riot* means, a public disturbance involving (1) an act or acts of violence by one or more persons part of an assemblage of three or more persons, which act or acts shall constitute a clear and present danger of, or shall result in, damage or injury to the property of any other person or to the person of any other individual; or (2) a threat or threats of the commission of an act or acts of violence by one or more persons part of an assemblage of three or more persons having, individually or collectively, the ability of immediate execution of such threat or threats, where the performance of the threatened act or acts of violence would constitute a clear and present danger of, or would result in, damage or injury to the property of any other person or to the person of any other individual.[12]

The term to *incite a riot*, or *to organize, promote, encourage, participate in, or carry on a riot*, includes, but is not limited to, urging or instigating other persons to riot, but shall not be deemed to mean the mere oral or written (1) advocacy of ideas; or (2) expression of belief not involving advocacy of any act or acts of violence, or assertion of the rightness of, or the right to commit, any such act or acts.[13]

---

adapted from *Pattern Jury Instructions for Federal Criminal Cases*, District of South Carolina, 2020 Online Ed., at pg. 369; *United States v. Miselis*, 972 F.3d 518, 534 (4th Cir. 2020); *United States v. Dellinger*, 472 F.2d 340, 357 (7th Cir. 1972); and *United States v. Rundo*, 990 F.3d 709,714 (9th Cir. 2021).

[12]  18 U.S.C. § 2102(a).

[13]  18 U.S.C. § 2102(b).

The term *interstate commerce* means commerce or travel between one state, territory, or possession of the United States and another state, territory, or possession of the United States, including the District of Columbia.[14]

The term *commerce* includes travel, trade, transportation and communication.[15]

For purposes of Count One, Title 18, United States Code, Section 2101(a) requires the use of any facility of interstate or foreign commerce, including, but not limited to, the mail, telegraph, telephone, radio, or television, with the intent to commit the offense. It also requires the use of any facility of interstate or foreign commerce, including, but not limited to, the mail, telegraph, telephone, radio, or television either during or before the defendant performed an overt act in furtherance of the offense. You are instructed that the use of the internet and the use of a cell phone are each a facility of interstate or foreign commerce.[16]

---

[14] Fifth Circuit *Pattern Jury Instructions*, 2024 ed., at 1.44, pg. 71.

[15] Fifth Circuit *Pattern Jury Instructions*, 2024 ed., at 1.46, pg. 73.

[16] 18 U.S.C. § 2101(a); *United States v. Phea*, 755 F.3d 255, 264 (5th Cir. 2014) (In a child sex trafficking case, Fifth Circuit upheld jury instruction "that telephones, internet, and hotels that serviced interstate travelers are all means or facilities of interstate commerce."); *United States v. Barlow*, 568 F.3d 215, 220-21 (5th Cir. 2009) (reasoning that the internet is a means of interstate commerce for Section 2422(b) purposes); *United States v. Marek*, 238 F.3d 310, 318 (5th Cir. 2001) (citing decisions from the 1st, 3d, 4th, 6th, and 9th Circuits) (stating in murder-for-hire case that, "[i]nterstate commerce facilities that have a created a criminal federal jurisdictional nexus during intrastate use includes telephones…"); *United States v. Webb*, 856 Fed. Appx. 553, 555 (5th Cir. 2021) (affirming jury instruction that instructed jury that "the Internet, cell phones, and a hotel that services interstate travelers are each means or facilities of interstate commerce"); *United States v. Rodriguez-Cruz*, 681 Fed. Appx. 312, 313 (5th Cir. 2017) ("We have held that cell phones constitute facilities of interstate commerce and that their use, even if wholly intrastate, is sufficient to establish the 'in or affecting interstate or foreign commerce' element for federal crimes" (citing *Phea*, 755 F.3d at 264; *Marek*, 238 F.3d at 318)).

**Agreed Charge of the Court - Page 27 of 73**

**Defendants Arnold (Hill), Evetts, Ines Soto, Elizabeth Soto, Song, Rueda, Morris, and Batten all request the following jury instruction on Riots, which was drafted by counsel for Arnold (Hill):[17]**

First, the defendant performed or attempted to perform at least one of the following overt acts:

(1) Shot and threw fireworks and explosives at the Prairieland Detention Center and its perimeter fence;

(2) Slashed tires on a government vehicle;

(3) Spray painted graffiti on government and private property and vehicles;

---

[17] Defendant Arnold (Hill), joined by the other defendants, provides the following basis for their proposed jury charge: Defendant objects to the failure to include the overt acts listed for the commission of the offense of Riot. Count 1 of the indictment charges defendants with Riot in violation of 18 U.S.C. §§ 2101 and 2. (ECF 127). The indictment contains six overt acts. (ECF 127). The Riot statute, 18 U.S.C. § 2101, rides a fine line between a permissible criminal offense and violating the First Amendment. As such, the statute has some unique qualities to protect defendants from the Government crossing that line. An example is the inclusion of the *Schneck v. U.S.* (1919) test of "clear and present danger" within the limiting definitions.

First, Riot has its own aiding and abetting provision within the statute. 18 U.S.C. § 2101(a)(4) ("to aid or abet any person in inciting or participating in or carrying on a riot or committing any act of violence in furtherance of a riot"). Generally, "[i]tis not necessary . . . that one charged as an aider or abettor commit the overt acts that . . . accomplish the offense or that he has knowledge of the particular means his principal . . . employ to carry out the criminal activity." *United States v. Sanders*, 952 F.3d 263, 277–78 (5th Cir. 2020). But the Riot statute applies the "overt act" requirement to the aiding and abetting provision contained within the statute. As such, even for aiding and abetting, the jury must find beyond a reasonable doubt that the defendant attempted or performed an overt act.

Second, "the constitutional guarantees of free speech . . . do not permit a State to forbid or proscribe advocacy of the use of force or of law violation except where such advocacy is directed to inciting or producing *imminent* lawless action and is likely to incite or produce such action." *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969) (emphasis added). "[T]he overt act requirement refers to acts that fulfill the elements themselves, and not mere steps toward, or related to, one or more of those elements." *United States v. Rundo*, 990 F.3d 709, 716 (9th Cir. 2021). Otherwise, the imminence requirement of *Brandenburg v. Ohio* is violated. *See id.* citing *Brandenburg v. Ohio*, 395 U.S. 444 (1969). If the Court fails to instruct the jury that it must find the defendant performed or attempted to perform one of the charged overt acts, then the jury is left to base its verdict on advocacy of the use of force or of law violation rather than inciting or producing *imminent* lawless action.

**Agreed Charge of the Court - Page  28  of 73**

**(4) Destroyed a closed-circuit camera; or**

**(5) Shot at a police officer and unarmed DHS correctional officers.**

**Second, the defendant performed or attempted to perform at least one of the above overt acts with the intent to:**

**(1) to incite a riot; or**

**(2) to organize, promote, encourage, participate in, or carry on a riot; or**

**(3) to commit any act of violence in furtherance of a riot; or**

**(4) to aid or abet any person in inciting or participating in or carrying on a riot or committing any act of violence in furtherance of a riot.**

**Third, that the defendant traveled in interstate or foreign commerce, or used the mail or any facility in interstate or foreign commerce during the commission of the above listed overt acts.**

**NOTE: The request does not include the sixth overt act "Dressing in black block…," because it does not constitute an over act by which a defendant may commit the offense. "[T]he overt act requirement refers to acts that fulfill the elements themselves, and not mere steps toward, or related to, one or more of those elements." *United States v. Rundo*, 990 F.3d 709, 716 (9th Cir. 2021). Otherwise, the imminence requirement of *Brandenburg v. Ohio* is violated. *See id.* citing *Brandenburg v. Ohio*, 395 U.S. 444 (1969).[18]**

---

[18] The government opposes the defendants' requested jury instruction. The government believes its proposed instruction from the *Pattern Jury Instructions for Federal Criminal Cases*, District of South Carolina, 2020 Online Ed., at pg. 369, and the statute itself reflect an accurate statement of the law. The defendants do not cite to any authority for their proposed instruction.

**Agreed Charge of the Court - Page 29 of 73**

PROPOSED JURY INSTRUCTION NO. 14
**2.92A PROVIDING MATERIAL SUPPORT TO TERRORISTS**

Count Two of the Second Superseding Indictment charges the defendants named therein with providing material support to terrorists. Title 18, United States Code, Section 2339A makes it a crime for anyone to provide material support or resources; or to conceal or disguise the nature, location, source, or ownership of material support or resources, knowing or intending that the material support or resources are to be used in preparation for or in carrying out certain federal offenses. It also makes it a crime for anyone to provide material support or resources in preparation for or in carrying out the concealment of an escape from the commission of any such federal offense. For you to find any of the defendants named in Count Two guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:      The defendant provided or attempted to provide material support or resources; or concealed or disguised or attempted to conceal or disguise the nature, location, source, or ownership of material support or resources in the manner described in the Second Superseding Indictment; and

*Second*:      The defendant did so knowing or intending that the material support or resources were to be used to prepare for or carry out a violation of 18 U.S.C. §§ 844(f), 1114, or 1361; or to carry out the concealment of an escape from the commission of 18 U.S.C. §§ 844(f), 1114, or 1361.

The *term material support or resources* means any property, tangible or intangible, or service, including currency, or monetary instruments, or financial securities; training; communications equipment; weapons; explosives; personnel (one or more individuals

who may be or include oneself); and transportation. Medicine or religious materials are not included.[19]

The term *training* means instruction or teaching designed to impart a specific skill, as opposed to general knowledge.[20]

The defendants named therein also charged with attempting to provide material support to terrorists in violation of title 18, United States code, section 2339A. It is a crime for anyone to attempt to commit a violation of certain specified laws of the United States.  For you to find the defendant guilty of attempting to commit the offense of providing material support to terrorists as charged in Count Two of the Second Superseding Indictment, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:    That the defendant intended to commit the offense of providing material support to terrorists as charged in Count Two of the Second Superseding Indictment; and

*Second*:    That the defendant did an act that constitutes a substantial step towards the commission of that crime and that strongly corroborates the defendant's criminal intent and amounts to more than mere preparation.

The term *substantial step* means an act strongly corroborative of the actor's criminal intent, and that amounts to more than mere preparation.[21]

---

[19] 18 U.S.C. § 2339A(b)(1).

[20] 18 U.S.C. § 2339A(b)(2).

[21] *United States v. Sanchez*, 667 F.3d 555, 563 (5th Cir. 2012); *United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2011) ("The 'substantial step' must be conduct that strongly corroborates the firmness of the

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Count Two.

Count Two of the Second Superseding Indictment accuses the defendants named therein of committing the crime of Providing Material Support to Terrorists in three different ways. The first is that the defendant maliciously damaged or destroyed, or attempted to damage or destroy, property of the United States. The second is that the defendant willfully injured or committed any depredation against any property of the United States. The third is that the defendant attempted to kill any officer or employee of the United States.

The government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt on one is enough. But in order to return a guilty verdict, all of you must agree that the same one has been proved. All of you must agree that the government proved beyond a reasonable doubt that the defendant maliciously damaged or destroyed, or attempted to damage or destroy, property of the United States; or agree that the government proved beyond a reasonable doubt that the defendant willfully injured or committed any depredation against any property of the United States; or agree that the government proved beyond a reasonable doubt that the defendant attempted to kill any officer or employee of the United States.

---

defendant's criminal intent. [] Acts which are merely preparatory are not enough.").

**Agreed Charge of the Court - Page 32 of 73**

The First Amendment to the Constitution guarantees to all persons in the United States the right to freedom of speech, freedom of religion, and freedom of association. Because of these constitutional guarantees, no one can be convicted of a crime simply on the basis of his beliefs, his expression of those beliefs, or his associations. **The First Amendment, however, does not provide a defense to a criminal charge simply because a person uses his associations, beliefs, or words to carry out an illegal activity. Constitutionally protected speech can be properly used as evidence to prove a defendant's motive, intent, and knowledge to commit the offense or further the unlawful purpose of any jointly undertaken criminal activity.[22]  Stated another way, if a defendant's speech, expression, or associations were made with the intent to knowingly provide material support or resources to be used to prepare for or carry out a violation of federal law, or to carry out the concealment of an escape from such violation, as described in the Second Superseding Indictment, then the First Amendment would not provide a defense to that conduct.[23][24]**

Count Two of the Second Superseding Indictment charges the defendants named therein with knowing or intending that the material support or resources were to be used

---

[22] *United States v. El-Mezain*, 664 F.3d 467, 537 (5th Cir. 2011).

[23] Fifth Circuit *Pattern Jury Instructions*, 2024 ed., at 2.92B, pg. 450.

[24] Defendants Arnold (Hill), Rueda, Ines Soto, Elizabeth Soto, Batten, Morris, Song, and Evetts object to the bold underlined language. They argue the bold underline langue is from the law regarding 18 U.S.C. § 2339B, not for section 2339A. The government opposes this objection. The government believes, based on its citation, this entire instruction is a correct statement of the law regarding First Amendment protected materials. Only included the first two sentences would be an incomplete statement of the law regarding First Amendment protected materials.

to prepare for or carry out a violation of 18 U.S.C. §§ 844(f), 1114, or 1361. I will provide you with the elements for the offense under 18 U.S.C. § 1114 later on when I address Counts Five, Six, and Seven. But it is important that I instruct on the elements for violations of 18 U.S.C. §§ 844(f) and 1361.

Title 18, United States Code, section 844(f) makes it a crime for anyone to maliciously damage or destroy, or attempt to damage or destroy, by means of an explosive, any building, vehicle, or other real or personal property in whole or in part owned by, possessed by, or leased to the United States or any department or agency of the United States. The elements[25] of this offense the government must prove beyond a reasonable doubt are:

*First*:    The defendant damaged or destroyed property or attempted to damage or destroy property;

*Second*:    The defendant did so by means of an explosive;

*Third*:    That the property was, in whole or in part, owned by or possessed by or leased to the United States or any department or agency of the United States; and

*Fourth*:    That the defendant acted maliciously.

**The term *explosive* means gunpowders; powders used for blasting; all forms of high explosives; blasting materials; fuzes (other than electric circuit breakers); detonators and other detonating agents; smokeless powders; and any chemical compounds, mechanical mixture, or device that contains any oxidizing and**

---

[25] This is from the Fifth Circuit *Pattern Jury Instructions* 2024 ed., at 2.37A, pg. 197.

**combustible units, or other ingredients, in such proportions, quantities, or packing that ignition by fire, by friction, by concussion, by percussion, or by detonation of the compound, mixture, or device or any part thereof may cause an explosion.**[26]

The term *Property* includes buildings, vehicles, or other personal or real property.

The term "department" means one of the executive departments. The executive departments are: the Department of State; the Department of the Treasury; the Department of Defense [War]; the Department of Justice; the Department of the Interior; the Department of Agriculture; the Department of Commerce; the Department of Labor; the Department of Health and Human Services; the Department of Housing and Urban Development; the Department of Transportation; the Department of Energy; the Department of Education; the Department of Homeland Security; or the Department of Veterans Affairs.

The term *agency of the United States* includes any department, independent establishment, commission, administration, authority, board or bureau of the United States, or any corporation in which the United States has a proprietary interest.

---

[26] Defendant Elizabeth Soto objects to the bold underline language, which is requested by the government. Defendant Soto argues the bold language amounts to an unlawful comment on the weight of the evidence, and it does not track the pattern jury charge definition. She requests the following language be substituted: "The term 'explosive' means any chemical compound mixture or device, the primary or common purpose of which is to function by explosion." She states this language is from the Fifth Circuit Pattern Jury Instruction 2.36A. The government opposes. The government could not find the defendant's definition in pattern jury instruction 2.36A. The definition used in bold is directly from the statute. It should also be noted that Fifth Circuit Pattern Jury Instruction 2.37A & B both direct the Court to use the definition of *explosive* used in the statute.

**Agreed Charge of the Court - Page 35 of 73**

The term *maliciously* means that the defendant acted either intentionally or with willful disregard of the likelihood that damage will result, and not mistakenly or carelessly. The defendant need not have intended to injure or kill anyone.

The government must prove that the property belonged to the United States, but the government does not have to prove that the defendant knew that the property belonged to the United States. [27]

---

[27] Defendants Arnold (Hill), Evetts, Batten, Song, Rueda, Ines Soto, Elizabeth Soto, and Morris object to the failure to require knowledge that the property in question was owned or leased by the United States. They object to any instruction such as, "The government must prove that the property belonged to the United States, but the government does not have to prove that the defendant knew that the property belonged to the United States." Defendants request the instruction apply the knowledge requirement to the ownership of the property. "Whether a criminal statute requires the Government to prove that the defendant acted knowingly is a question of congressional intent." *Rehaif v. United States*, 588 U.S. 225, 228 (2019), citing *Staples v. United States*, 511 U.S. 600, 605 (1994).

"In determining Congress' intent, we start from a longstanding presumption, traceable to the common law, that Congress intends to require a defendant to possess a culpable mental state regarding 'each of the statutory elements that criminalize otherwise innocent conduct.'" *Rehaif*, 588 at 228-229, quoting *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 (1994); also citing *Morissette v. United States*, 342 U.S. 246, 256 (1952).

The Supreme Court "normally characterize this interpretive maxim as a presumption in favor of 'scienter,' by which {they} mean a presumption that criminal statutes require the degree of knowledge sufficient to 'mak[e] a person legally responsible for the consequences of his or her act or omission.'" *Rehaif*, 588 at 229, quoting Black's Law Dictionary 1547 (10th ed. 2014). "We apply the presumption in favor of scienter even when Congress does not specify any scienter in the statutory text." *Id.*, citing *Staples*, 511 U.S. at 606.

In *Rehaif*, the Supreme Court held that the mens rea "knowingly" applied to each of the elements of the offense of 18 U.S.C. § 922(g) except the jurisdictional interstate commerce element. The Supreme Court recognized the requirement for scienter despite a long-standing history of the federal judiciary holdings that the government did not have to prove that the defendant knew he was a prohibited person. *See Rehaif*, 588 at 237.

The nature of the property is what makes 18 U.S.C. 2339A applicable to the offenses in 18 U.S.C. §§ 844(f) and 1361. An act against the United States is the essence of Section 2339A. It is the "evil Congress seeks to prevent." Without the property being owned or controlled by the United States, the government has gone too far afield of the purpose of Section 2339A.

The government opposes and believes the knowledge element, requirement, and culpability is

Title 18, United States Code, section 1361 makes it a crime to injure or destroy any property belonging to the United States. The elements[28] of this offense the government must prove beyond a reasonable doubt are:

*First*:    The defendant injured or damaged, or attempted to injure or damage, property;

*Second*:    The property belonged to the United States, or any department or agency of the United States, or was property that had been or was being manufactured or constructed for the United States, or any department or agency of the United States;

*Third*:    The damage exceeded the sum of $1,000.00; and

*Fourth*:    The defendant did so willfully.

To act willfully, the defendant must have acted intentionally, with knowledge that he was violating the law.

The government must prove that the property belonged to the United States, but the government does not have to prove that the defendant knew that the property belonged to the United States.[29]

---

satisfied by showing the defendants' knowingly destroyed or attempted to destroy property. Whether the defendants knew or not the property belonged to the federal government has no bearing on their culpability for their actions.

[28] The Fifth Circuit does not have a pattern jury instruction on the offense of damage to government property. The government is also unaware of any Fifth Circuit case law delineating the elements of the offense. The above elements are adapted from *Pattern Jury Instructions for Federal Criminal Cases*, District of South Carolina, 2024 Online Ed., at pg. 281.

[29] See footnote 28, supra.

**Agreed Charge of the Court - Page 37 of 73**

Defendant Elizabeth Soto requests the following be added to the instruction on the elements for providing material support to terrorists:

The intent or knowledge required under § 2339A is the terrorist activity itself; the defendant must specifically intend or know that the defendant's conduct will further terrorist activity.[30]

---

[30] Defendant Elizabeth Soto has taken this language from the notes to pattern jury instruction 2.92A of the 2024 ed. of the Fifth Circuit *Pattern Jury Instructions* at pg. 448. The government opposes. The statute explicitly states that it requires the government to prove the defendant provided material support knowing or intended that support would be used to commit certain listed federal statutes. In *Holder v. Humanitarian Law Project*, 561 U.S. 1, 17 (2010), the Supreme Court in distinguishing the intent requirement between sections 2339A and 2339B stated section 2339A established "criminal penalties for one who 'provides material support or resources . . . knowing or intending that they are to be used in preparation for, or in carrying out, a violation of' **statutes prohibiting violent terrorist acts**. (Emphasis added.) This reinforces that the second element from 2.92A of the 2024 ed. of the Fifth Circuit *Pattern Jury Instructions* is a correct statement of the law and fully encompasses the knowledge or intent requirement for violating section 2339A. The Supreme Court was merely characterizes that list of statutes in section 2339A as "statutes prohibiting violent terrorist acts." *Humanitarian Law Project*, 561 U.S. at 17.

PROPOSED JURY INSTRUCTION NO. 15

**CONSPIRACY TO USE AN EXPLOSIVE TO COMMIT A FEDERAL FELONY OFFENSE, OR TO CARRY AN EXPLOSIVE DURING THE COMMISSION OF A FEDERAL FELONY OFFENSE**

Count Three of the Second Superseding Indictment charges the defendants named therein with conspiring (1) to use an explosive to commit a felony offense that may be prosecuted in a court of the United States; or (2) to carry an explosive during the commission of a felony offense that may be prosecuted in a court of the United States. Title 18, United States Code, Section 844(m) makes it a crime for anyone to conspire to use an explosive to commit a felony offense, or to conspire to carry an explosive during the commission of any federal felony offense. For you to find any of the defendants named in Count Three guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:     That the defendant and at least one other person made an agreement to use an explosive to knowingly commit the federal felony offense of Riot as charged in Count One, in violation of 18 U.S.C. § 2101; or that the defendant and at least one other person made an agreement to knowingly carry an explosive during the commission of the federal felony offense of Riot as charged in Count One, in violation of 18 U.S.C. § 2101;

*Second*:   The defendant knew of the unlawful purpose of the conspiracy; and

*Third*:     The defendant knowingly and voluntarily joined the conspiracy.[31][32]

Riot, in violation of U.S.C. § 2101, is a felony offense that may be prosecuted in a court of the United States. I have previously explained to you the elements the government is required to prove beyond a reasonable doubt to establish the offense of Riot in violation 18 U.S.C. § 2101.

For the offense of *conspiracy to carry an explosive during the commission of any federal offense*, the government only has to prove the defendant conspired to carry an explosive at the same time as the underlying felony offense was being committed. The government does not have to prove a relationship between the explosive carried and the commission of the underlying felony offense.[33]

---

[31] The elements of the offense are adapted from the Fifth Circuit Pattern Jury Instructions for conspiracy to drug traffic. There is not Fifth Circuit Pattern Jury Instruction for 18 U.S.C. § 844(m), and the government could not find any caselaw delineating the elements for violating 18 U.S.C. § 844(m). The conspiracy offense under section 844(m) does not require the government allege or prove any conspirator committed an overt act in furtherance of the conspiracy. *See United States v. Pascacio-Rodriguez*, 749 F.3d 353, 362 and n.45 (5th Cir. 2014) (listing section 844(m) as one of many federal conspiracy statutes that do not require an overt act).

[32] Defendant Evetts objects and argues that element two should read, "That the defendant knew of the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose." Defendant Evetts argues the third element should read, "That at least one of the coconspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy." The government opposes. As discussed in footnote 32, supra, *Pascacio-Rodriguez*, 749 F.3d at 362 and n.45, states that conspiracy under section 844(m) does not require an over act. *Compare also with* 18 U.S.C. § 351, the federal conspiracy charge, which does require an over act.

[33] *United States v. Ressam*, 553 U.S. 272 (2008) (government need only prove defendant's "carrying of the explosives was contemporaneous with his violation"); *United States v. Ivy*, 929 F.2d 147, 151 (5th Cir. 1991) (up to Congress, not courts, to add relation element to § 844(h)(2)).

**A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.   It is a kind of "partnership in crime" in which each member becomes the agent of every other member.**[34]

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict the defendant for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all the details of the scheme alleged in the second superseding indictment were actually agreed upon or carried out, nor must it prove that all of the persons alleged to have been members of the conspiracy

---

[34] Defendant Elizabeth Soto objects to the bold underline language. She requests the following language instead: "**When the group activity out of which the alleged offense develops can be described as a bifarious undertaking, involving both legal and illegal purposes and conduct, there must be direct or circumstantial evidence of the defendant's own advocacy of and participation in the illegal goals of the conspiracy and you may not impute the illegal intent of alleged co-conspirators to the actions of the defendant**." Defendant Soto cites to *United States v. Markiewicz*, 978 F.2d 786, 813 (2nd Cir. 1992), for authority. The government opposes. The bold language is from the 2024 ed. of the Fifth Circuit Pattern Jury Instructions and is used throughout when referring to conspiracy. *See* 2.13 at pg. 130; 2.15A at pg. 133; 2.15B at pg. 136; and 2.97 at pg. 479. Defendant Soto does not cite to any Fifth Circuit binding precedent indicting this language is in error.

**Agreed Charge of the Court - Page  41  of 73**

were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

As mentioned before, your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Count Three.

Count Three of the indictment accuses the defendant of committing the crime of Conspiracy to Use and Carry an Explosive in two different ways. The first is that the defendant conspired to use explosives to commit a riot, as charged in Count One of the Second Superseding Indictment. The second is that the defendant conspired to carry explosives during the commission of a riot, as charged in Count One of the Second Superseding Indictment.

The government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt on one is enough. But in order to return a guilty verdict, all of you must agree that the same one has been proved. All of you must agree that the government proved beyond a reasonable doubt that the defendant

conspired to use explosives to commit a riot, as charged in Count One of the Second

Superseding Indictment; or agree that the government proved beyond a reasonable doubt

that the defendant conspired to carry explosives during the commission of a riot, as

charged in Count One of the Second Superseding Indictment.[35]

---

[35] This instruction is from the Fifth Circuit Pattern Jury Instructions 1.27-Unanimity of Theory.

**Agreed Charge of the Court - Page  43  of 73**

PROPOSED JURY INSTRUCTION NO. 16

**USING AN EXPLOSIVE TO COMMIT A FEDERAL FELONY OFFENSE, OR CARRYING AN EXPLOSIVE DURING THE COMMISSION OF A FEDERAL FELONY OFFENSE**

Count Four of the Second Superseding Indictment charges the defendants named therein, aiding and abetting each other, with using an explosive to commit a felony that may be prosecuted in a court of the United States; or (2) carrying an explosive during the commission of a felony that may be prosecuted in a court of the United States. Title 18, United States Code, Section 844(h) makes it a crime to use an explosive to commit a felony, or to carry an explosive during the commission of a felony. For you to find any of the defendants named in Count Four guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:    The defendant used an explosive; and

*Second*:    The defendant did so to commit the offense of Riot in Count One, in violation of 18 U.S.C. § 2101(a), which may be prosecuted in federal court; or

*First*:    The defendant carried an explosive; and

*Second*:    The did so during the commission of the offense of Riot in Count One, in violation of 18 U.S.C. § 2101(a), which may be prosecuted in federal court.[36]

---

36 The Fifth Circuit does not have a pattern jury instruction for the offenses under 18 U.S.C. § 844(h). The government is also unaware of any Fifth Circuit case law delineating all the elements of those offenses. *See    United States v. Severns*, 559 F.3d 874, 289 (5th Cir. 2009) (Only stating, "Property damage is not an element of § 844(h)(1)."). The above elements are adapted from *Pattern Jury Instructions for Federal Criminal Cases*, District of South Carolina, 2020 Online Ed. at pg. 125.

**Agreed Charge of the Court - Page 44 of 73**

As mentioned before, Riot, in violation of 18 U.S.C. § 2101, is a felony offense that may be prosecuted in a court of the United States. I have previously explained to you the elements the government is required to prove beyond a reasonable doubt to establish the offense of Riot in violation 18 U.S.C. § 2101.

The use of an explosive need not result in damage or destruction of property.[37]

For the offense of *carrying an explosive during the commission of a felony offense*, the government only has to prove the defendant carried an explosive at the same time as the underlying felony offense of Riot as charged in Count One of the Second Superseding Indictment was being committed. The government does not have to prove a relationship between the explosive carried and the commission of the underlying felony offense.[38]

As mentioned before, your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Count Four.

Count Four of the indictment accuses the defendant of committing the crime of Using and Carrying an Explosive in two different ways. The first is that the defendant used explosives to commit a riot, as charged in Count One of the Second Superseding Indictment. The second is that the defendant carried explosives during the commission of

---

[37] *United States v. Severns*, 559 F.3d 874, 289 (5th Cir. 2009) ("Property damage is not an element of § 844(h)(1).").

[38] *United States v. Ressam*, 553 U.S. 272 (2008)(government need only prove defendant's "carrying of the explosives was contemporaneous with his violation"); *United States v. Ivy*, 929 F.2d 147, 151 (5th Cir. 1991) (up to Congress, not courts, to add relation element to § 844(h)(2)).

a riot, as charged in Count One of the Second Superseding Indictment.

The government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt on one is enough. But in order to return a guilty verdict, all of you must agree that the same one has been proved. All of you must agree that the government proved beyond a reasonable doubt that the defendant used explosives to commit a riot, as charged in Count One of the Second Superseding Indictment; or agree that the government proved beyond a reasonable doubt that the defendant carried explosives during the commission of a riot, as charged in Count One of the Second Superseding Indictment.[39]

---

[39] This instruction is from the Fifth Circuit Pattern Jury Instructions 1.27-Unanimity of Theory.

**Agreed Charge of the Court - Page  46  of 73**

PROPOSED JURY INSTRUCTION NO. 17

## 1.34  ATTEMPTED MURDER OF AN OFFICER OR EMPLOYEE OF THE UNITED STATES

Counts Five, Six, and Seven of the Second Superseding Indictment charges the defendants named therein, aiding and abetting each other, with the attempted murder of an officer or employee of the United States. Title 18, United States Code, Section 1114(a)(3) makes it a crime to attempt to kill an officer or employee of the United States. For you to find any of the defendants named in Counts Five, Six, or Seven guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:     The defendant intended to kill the person named in the Count;

*Second*:   The defendant did something that was a substantial step toward killing the person named in the Count;

*Third*:    The person named in the Count was an officer or employee of the United States or of any agency in any branch of the United States Government, or any person assisting such an officer or employee; and

*Fourth*:   The defendant attempted to kill the person named in the Count while the person named in the Count was engaged in or on account of the performance of official duties, or while assisting such an officer or employee in the performance of such duties or on account of that assistance.

The term *substantial step* means an act strongly corroborative of the actor's criminal intent, and that amounts to more than mere preparation.[40]

---

[40] *United States v. Sanchez*, 667 F.3d 555, 563 (5th Cir. 2012); *United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2011) ("The 'substantial step' must be conduct that strongly corroborates the firmness of the

PROPOSED JURY INSTRUCTION NO. 18

**2.44A and 2.44B     DISCHARGING A FIREARM DURING, IN RELATION TO, AND IN FURTHERANCE OF A CRIME OF VIOLENCE**

Counts Eight, Nine, and Ten of the Second Superseding Indictment charges the defendants named therein with discharging a firearm during, in relation to, or in furtherance of a federal crime of violence. Title 18, United States Code, Section 924(c)(1), makes it a crime for anyone to knowingly use or carry a firearm during and in relation to a federal crime of violence. For you to find any of the defendants named in these Counts guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:     The defendant committed the crime alleged in Counts Five, Six, or Seven. I instruct you that attempted murder of an employee or officer of the United States or of a person assisting such officer or employee, is a federal crime of violence;

*Second*:     The defendant knowingly used or carried a firearm during and in relation to the defendant's commission of the crime charged in Counts Five, Six, or Seven; and

*Third*:     The firearm was discharged.

To prove the defendant "*used*" a firearm during and in relation to a federal crime of violence, the government must prove that the defendant actively employed the firearm in the commission of Counts Five, Six, or Seven, such as a use that is intended to or brings about a change in the circumstances of the commission of Counts Five, Six, or Seven. *Active employment* may include brandishing, displaying, referring to, bartering,

---

defendant's criminal intent. [] Acts which are merely preparatory are not enough.").

**Agreed Charge of the Court - Page  48  of 73**

striking with, firing, or attempting to fire the firearm. *Use* is more than mere possession of a firearm or having it available during the crime of violence.

To prove the defendant *carried* a firearm during and in relation to a crime of violence, the government must prove that the defendant carried the firearm in the ordinary meaning of the word *carry*, such as by transporting a firearm on the person or in a vehicle. The defendant's carrying of the firearm cannot be merely coincidental or unrelated to the crime of violence.

*In relation to* means that the firearm must have some purpose, role, or effect with respect to the crime of violence.

PROPOSED JURY INSTRUCTION NO. 19
**CORRUPTLY CONCEALING A DOCUMENT OR RECORD**[41]

Count Eleven of the Second Superseding Indictment charges the defendant named

therein with corruptly concealing or attempting to corruptly conceal a record, document,

or other object with the intent to impair its integrity and availability for use in an official

proceeding. Title 18, United States Code, Section 1512(c)(1) makes it a crime for any

person to corruptly conceal, or attempt to corruptly conceal, a document, record, or other

object with the intent to impair its integrity and availability for use in an official

proceeding. For you to find the defendant named in this Count guilty of this crime, you

must be convinced that the government has proved each of the following beyond a

---

[41] Defendant Sanchez generally objects to the instructions to the extent that they stretch the statute(s) to fit conduct well outside Congress's intent. *See* Sarah O'Rourke Schrup, *Obstruction of Justice: Unwarranted Expansion of 18 U.S.C. § 1512(c)(1)*, 102 J. Crim. L. & Criminology 25, 49 n. 151 (18 U.S.C. § 1512(c)(1) ("Like the honest services doctrine, § 1512(c)(1) was enacted as a statute aimed at corporate actors who fraudulently altered, destroyed, or mutilated records, documents, or other similar objects."). The government opposes. Sanchez has failed to cite to any authority or precedent establishing the pattern jury instructions for the offense set out by the Seventh Circuit "stretch" the statute beyond Congress's intent. Indeed, the Fifth Circuit has affirmed the use of 18 U.S.C. § 1512(c)(1), covering similar conduct. *See United Stated v. Coppin*, 569 Fed. Appx. 326, 337 (5th Cir. 2014).

**Agreed Charge of the Court - Page 50 of 73**

reasonable doubt:[42][43]

---

[42] Defendant Sanchez objects to the absence of any instruction informing the jury that possessing, reading, transporting, or even "concealing" literature "such as insurrection planning, anti-law enforcement, anti-government, and anti-immigration enforcement documents and propaganda," is not a crime and in fact is constitutionally protected, in the absence of a corrupt purpose to impair those documents' availability for use in a particular grand jury or criminal proceeding. "[T]he constitutional guarantees of free speech and free press do not permit a [government] to forbid or proscribe advocacy of the use of force or of law violation except where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action." *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969). The Bill of Rights guarantees the freedom to own, read, create, publish, and distribute those materials anonymously and without Government knowledge.

The government disagrees that the proposed instruction fails to instruct the jury that possessing, transporting, or concealing literature is not a crime "in the absence of a corrupt purpose to impair those documents' availability for use in" an official proceeding. Again, the third and fourth elements specially require the government to prove beyond a reasonable doubt that the defendant corruptly intended to impair the documents' integrity or availability for use in an official proceeding. "It is well established under First Amendment principles that there is no prohibition on 'the evidentiary use of speech to establish the elements of a crime or to prove motive or intent.'" *United States v. El-Mezian*, 664 F.3d 467, 537 (5th Cir. 2011), *quoting Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993). Moreover, post *Brandenburg*, the Supreme Court upheld 18 U.S.C. § 2339B as applied to a First Amendment Challenge. *Holder v. Humanitarian Law Project*, 130 S. Ct. 2705, 2724 (2010) (stating that Congress could "prohibit what plaintiffs want to do—provide material support to [the designated terrorist organizations] in the form of speech"). Moreover, the government has proposed an instruction on the use of First Amendment protected materials; however, many of the other defendants have lodged objections to it. Nevertheless, the government believes that its proposed First Amendment instruction is a correct statement of the law.

[43] Defendant Sanchez objects to Proposed Instruction Number 17 because it does not convey to the jury that "it is not enough for [Mr. Sanchez] to have impeded the Government's factfinding ability." *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005) (construing "corruptly persuade" in a predecessor form of § 1512); *cf. United States v. Aguilar*, 515 U.S. 593, 600 (1995) (construing 18 U.S.C. § 1503) ("We do not believe that uttering false statements to an investigating agent—and that seems to be all that was proved here—*who might or might not testify before a grand jury* is sufficient to make out a violation of the catchall provision of § 1503.") (emphasis added). Instead, the Defendant must be subjectively aware that the items in question would be material to an "official proceeding" and must act with an evil intent to conceal it.

For the reasons previously stated, the government believes the proposed jury instruction adequately informs the jury of the required corrupt intent of the defendant. *See Bedoy*, 827 F.3d at 510; *Coppin*, 569 Fed. Appx. at 334. Moreover, the statute does not contain any materiality requirement.

**Agreed Charge of the Court - Page 51 of 73**

*First*:  The defendant concealed or attempted to conceal a document, record[44], or other object;

*Second*:  The defendant acted knowingly;

*Third*:  The defendant acted corruptly; and

*Fourth*:  The defendant acted with the intent to impair the document's, record's, or object's integrity or availability for use in an official proceeding.[45][46]

---

[44] Defendant Sanchez objects to the description of the offense charged, and to the list of the elements, to the extent that they suggest conviction based on concealment of a "record." The indictment is, at best, ambiguous about whether the charge is predicated on concealment of **a box** or on concealment of **the contents of the box**. But the indictment's description of the "contents" refers only to "documents and propaganda." Neither the indictment nor the anticipated evidence supports any charge related to a "record."

    The government opposes this objection. The indictment charges the defendant in Counts Eleven and Twelve with corruptly concealing, attempting to corruptly conceal, and conspiring to corruptly conceal "a record, document, and other object . . . ."

[45] Taken from *The William J. Bauer Pattern Criminal Jury Instructions of The Seventh Circuit*, 2023 ed., at pg. 724.

[46] Defendant Sanchez objects to the proposed instructions' failure to identify the "official proceeding" for Counts Eleven and Twelve. Though the statute allows conviction where the official proceeding has not yet commenced, *see* 18 U.S.C. § 1512(f)(1), the Defendant still must have in mind a "particular official proceeding in which those documents might be material." *Arthur Andersen LLP v. United States*, 544 U.S. 696, 708 (2005) (interpreting an earlier version of § 1512(b)); accord *United States v. Simpson*, 741 F.3d 539, 552 (5th Cir. 2014) (interpreting 18 U.S.C. § 1512(c)(1)) ("A proceeding must at least be 'foreseen,' such that *the defendant has in contemplation some particular official proceeding in which the destroyed evidence might be material.*") (emphasis added)). The identify of the specific "official proceeding" the defendant "intended to affect" is also necessary to evaluate venue under 18 U.S.C. § 1512(i). And, of course, the *federal* nature of the "official proceeding" is necessary to establish federal jurisdiction over the offense.[46] Given all that, the jury needs to unanimously agree about the specific "official proceeding" the wrongdoer intended to affect. The indictment does not specify a particular "official proceeding," but it does say that the proceeding was either a "federal grand jury proceeding" or a "federal criminal proceeding."

    The government disagrees that the proposed jury instruction fails to identify the official proceeding. The fourth element states that the government is required to prove, "The defendant acted with the intent to impair the document's, record's, or object's integrity or availability for use in an official proceeding." The instruction then goes on to define "an official proceeding," to mean "a proceeding before a judge or court of the United States, a United States magistrate judge, or a federal grand jury." Thus, the government is required to prove that the defendant acted with the intent to impair the document's, record's, or object's integrity or availability for use before a judge or court of the United States, or a United States magistrate

The term *official proceeding* means a proceeding before a judge or court of the United States, a United States magistrate judge, or a federal grand jury.[47][48]

The term *corruptly* means the defendant acted knowingly and dishonestly with the specific intent to subvert or undermine the due administration of justice.[49][50]

---

judge, or a federal grand jury. While the jury does not have to be unanimous as to the particular official proceeding, the jury does have to unanimously agree that the defendant acted with the intent to impair the document's, record's, or object's integrity or availability for use in an official proceeding as defined in the instructions. *See Coppin*, 569 Fed. Appx. At 337 ("jurors could find that Bennett and Coppin were intending to impair and even prevent the bringing of the federal charges against Coppin for gun possession").

[47] 18 U.S.C. § 1515(a)(1).

[48] Defendant Sanchez objects to the proposed instructions because they do not make clear that a defendant is not guilty "when he does not have in contemplation any particular official proceeding in which those documents might be material." *Id.* at 707–08; *see also United States v. Simpson,* 741 F.3d 539, 552 (5th Cir. 2014) (discussing *Arthur Andersen* and *United States v. Aguilar*, 515 U.S. 593, 599–600 (1995)) ("Even though a proceeding need not be actually pending at the time of the obstructive act, 18 U.S.C. § 1512(f), an obstruction of justice conviction requires some 'nexus' between the obstructive act and some official government proceeding … A proceeding must at least be "foreseen," such that *the defendant has in contemplation some particular official proceeding in which the destroyed evidence might be material.*") (emphasis added).

The government disagrees that the proposed jury instructions fail to "make clear that a defendant is not guilty when he does not have in contemplation any particular official proceeding in which those documents might be material." Again, the fourth element requires the government to prove, "The defendant acted with the intent to impair the document's, record's, or object's integrity or availability for use in an official proceeding." If the government fails to prove the defendant failed to act with that intent, then per the instructions, the jury is to find the defendant not guilty. Moreover, the statute does not contain any materiality requirement.

[49] This is from Fifth Circuit *Pattern Jury Instructions*, 2024 ed., at 2.64 at pg. 310.

[50] Defendant Sanchez objects to the proposed definition of "corruptly." Defendant Sanchez argues the term "corruptly" should be defined to include the words "wrongful, immoral, depraved, or evil." *Arthur Andersen LLP v. United States*, 544 U.S. 696, 705–06 (2005) (citing Black's Law Dictionary 371 (8th ed.2004); Webster's Third New International Dictionary 512 (1993); & American Heritage Dictionary of the English Language 299–300 (1981)). The government opposes. As noted, the "corruption" definition comes from the 2024 edition of the Fifth Circuit's Pattern Jury Instructions. The Fifth Circuit has upheld this definition of "corruptly" even in light of *Arthur Andersen. See United States v. Bedoy*, 827 F.3d 495, 510 (5th Cir. 2016), *citing Coppin*, 569 Fed. Appx. At 334 (holding "a proper definition of 'corruptly' under 18 U.S.C. §

**Proposed Instruction by Defendant Sanchez (it was submitted as track changes):**

Count Eleven of the Second Superseding Indictment charges Daniel Rolando Sanchez Estrada with corruptly concealing or attempting to corruptly conceal a record, document, or other object with the intent to impair its availability for use in an official proceeding. Title 18, United States Code, Section 1512(c)(1) makes it a crime for any person to corruptly conceal, or attempt to corruptly conceal, a record, document or other object with the intent to impair its integrity and availability for use in an official proceeding. For you to find the defendant named in this Count guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:    The defendant concealed or attempted to conceal a record, document, or other object;

*Second*:    The defendant acted knowingly;

*Third*:    The defendant acted corruptly;

*Fourth*:    At the time he concealed the record, document or object, the defendant had in mind [name of a particular federal proceeding or federal grand jury proceeding], which [is/was] an "official proceeding" before [a federal grand jury/ a federal magistrate judge / a judge of the U.S. District Court] for the Northern District of Texas]

*Fifth:*    The defendant [knew/ was aware] that the record, document, or object [was] [would be] [might be] material to that official proceeding.

*Sixth:*    The defendant concealed the record, document, or object because he

---

1512(c)(1) is to act 'knowingly and dishonestly, with the specific intent to subvert or undermine the due administration of justice'").

**had the specific intent to impair its availability for use in that official proceeding.**

**The term *corruptly* means the defendant's actions were immoral, depraved, dishonest, and evil, and that he harbored "specific intent to subvert or undermine the due administration of justice."[51] [52]**

---

[51] This is from Fifth Circuit *Pattern Jury Instructions*, 2024 ed., at 2.64 at pg. 310.

[52] The government opposes defendant Sanchez's requested jury instruction. The government it believes its version from the Seventh Circuit's pattern jury instructions and from the statute itself correctly states the law.

**Agreed Charge of the Court - Page 55 of 73**

PROPOSED JURY INSTRUCTION NO. 20
**CONSPIRACY TO CONCEAL DOCUMENTS**[53]

Count Twelve of the Second Superseding Indictment charges the defendants named therein with conspiring to corruptly conceal a record, document, and other object with the intent to impair its availability for use in an official proceeding. For you to find any of the defendants named in this Count guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:    The defendant conspired with at least one other person to violate 1512(c)(1);

*Second*:    The defendant knew of the unlawful purpose of the conspiracy; and

*Third*:    At least one overt act was taken by one of the conspirators in furtherance of the conspiracy.[54][55]

---

[53] Defendant Sachez generally objects to the instructions to the extent that they stretch the statute(s) to fit conduct well outside Congress's intent. *See* Sarah O'Rourke Schrup, *Obstruction of Justice: Unwarranted Expansion of 18 U.S.C. § 1512(c)(1)*, 102 J. Crim. L. & Criminology 25, 49 n. 151 (18 U.S.C. § 1512(c)(1) ("Like the honest services doctrine, § 1512(c)(1) was enacted as a statute aimed at corporate actors who fraudulently altered, destroyed, or mutilated records, documents, or other similar objects."). The government opposes. Sanchez has failed to cite to any authority or precedent establishing the pattern jury instructions for the offense set out by the Seventh Circuit "stretch" the statute beyond Congress's intent. Indeed, the Fifth Circuit has affirmed the use of 18 U.S.C. § 1512(c)(1), covering similar conduct. *See United Stated v. Coppin*, 569 Fed. Appx. 326, 337 (5th Cir. 2014).

[54] See *United States v. Age*, 136 F. 4th 193, n.15 (5th Cir. 2025); *United States v. Mitchell*, 792 F.3d 581, 583 (5th Cir. 2015).

[55] Defendant Sanchez objects to the government's proposed conspiracy instruction for Count 12 because it does not specify that a conspiracy must be *prospective*—that is, an agreement to commit a crime *after* formation of the agreement. Here, the Government has alleged that Mr. Sanchez and Maricela Rueda formed some agreement during a telephone conversation on July 6, but has alleged that the "conspiracy" and its objects began on July 5.

The government opposes this objection and believes the proposed jury instruction correctly instructs the jury on the elements for conspiring to corruptly conceal documents, records, or other objects.

I have just explained to you the elements the government is required to prove beyond a reasonable doubt to establish the offense of corruptly concealing or attempting to corruptly conceal a document, record, or other object with the intent to impair its integrity and availability for use in an official proceeding, in violation 18 U.S.C. § 1512(c)(1). I also just instructed you on the meaning of the terms *corruptly* and *official proceeding*.

**Proposed jury instruction from Defendant Sanchez (it was submitted as track changes)**

**Count Twelve of the Second Superseding Indictment charges Daniel Rolando Sanchez Estrada and Maricela Rueda with conspiring to corruptly conceal records, documents, and other objects[56] with the intent to impair its [their] availability for use in an official proceeding. For you to find any of the defendants named in this Count guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:**

*First*:    **The defendant conspired with at least one other person to violate 18 U.S.C. § 1512(c)(1);**

*Second*:    **The purpose of the conspiracy was for Sanchez and Rueda to conceal documents and other objects that would implicate Rueda in the riot and shooting at the Prairieland Detention Center that occurred on July 4, 2025;**

---

Moreover, the indictment does not allege the conspiracy began on July 5, rather, it alleges the conspiracy between Maricela Rueda and Sanchez occurred "Between on or about July 5 and 6, 2025 . . . ."

[56] Taken from the "Purpose of the Conspiracy" in Count Twelve of the Second Superseding Indictment (Doc. 127, p.21)

**Agreed Charge of the Court - Page  57  of 73**

*Third:*  The defendant knew of the unlawful purpose of the conspiracy; and

*Fourth*:  After the conspiracy was formed, one of the conspirators performed at least one overt act in furtherance of the conspiracy.[25]

I have already explained to you the elements the government is required to prove a violation of 18 U.S.C. § 1512(c)(1), including the definitions of "corruptly" and "official proceeding.".[57]

---

[57] The government opposes defendant Sanchez's requested jury instruction. The government it believes its version from the Seventh Circuit's pattern jury instructions and from the statute itself correctly states the law.

**Agreed Charge of the Court - Page  58  of 73**

PROPOSED JURY INSTRUCTION NO. 21
**2.04   AIDING AND ABETTING (AGENCY)**

You will notice that in many of the counts, the defendants named in those counts are also charged with aiding and abetting each other. Title 18, United States Code, Section 2 makes a person who aids, abets, counsels, commands, induces, or procures an offense against the United States responsible for that offense as a principal. Thus, the guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a

**Agreed Charge of the Court - Page 59  of 73**

participant and not merely a knowing spectator. In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find any of the defendants guilty of any count in which they are named and charged also as an aider and abettor, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:       That the offense in the count was committed by some person;

*Second*:    That the defendant associated with the criminal venture;

*Third*:      That the defendant purposefully participated in the criminal venture; and

*Fourth*:    That the defendant sought by action to make that venture successful.

The term *to associate with the criminal venture* means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

The *term to participate in the criminal venture* means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime. Though the defendant must share the same criminal intent for the crime as the principal, his aid may relate to only one of the crime's phases or elements. **Thus, it is not necessary that one charged as an aider or abettor commits the overt acts that accomplish the offense or that he has knowledge of the particular means his**

**principals employ to carry out the criminal activity.**[58] **Criminal liability as an aider and abettor results from the existence of a community of unlawful intent between the aider or abettor and the principal**.[59][60]

A person takes an affirmative act in furtherance of an offense if he facilitates, that is, if he acts to help or assist or make possible, any part— though not necessarily every part—of the crime. An affirmative act includes all assistance rendered by words, acts, encouragement, support, or presence. Specific to the offense of aiding and abetting the discharging a firearm in furtherance of a federal crime of violence, a person takes the necessary affirmative act if he facilitates the possession of the firearm or the commission of the crime of violence. It is not necessary that the person facilitate both the possession of the firearm and the crime of violence.

Specifically for Counts Eight, Nine, and Ten, which charges the defendants named therein with aiding and abetting each other in discharging a firearm during or in relation to the federal crime of violence of attempted murder of an officer or employee of the

---

[58] *United States v. Sanders*, 952 F.3d 263, 277 (5th Cir. 2020); *United States v. Austin*, 585 F.2d 1271, 1277 (5th Cir. 1978); *United States v. James*, 528 F.2d 999, 1015 (5th Cir. 1976).

[59] *United States v. Sanders*, 952 F.3d 263, 277 (5th Cir. 2020); *United States v. Austin*, 585 F.2d 1271, 1277 (5th Cir. 1978); *United States v. James*, 528 F.2d 999, 1015 (5th Cir. 1976).

[60] Defendants Ines Soto, Elizabeth Soto, Evetts, Song, Morris, Rueda, batten, and Arnold (Hill) object to the bold underline language. They contend this is not in the pattern instruction and see no basis or justification for additions to it. Although the language is not in the pattern instruction, that language is a correct statement of the law as shown by the Fifth Circuit cases the government cites in support of that language. The government believes these correct statements of the law correctly instructs the jury on the law regarding aiding and abetting (agency).

**Agreed Charge of the Court - Page 61 of 73**

United States, or of a person assisting such officer or employee, the government must prove the accused knew that the principal would use or carry a firearm in advance of the attempted murder offense and in sufficient time to withdraw from it.[61]  Advance knowledge means knowledge at a time the accomplice can do something with it—most notably, opt to walk away.[62]

---

[61] *Rosemond v. United States*, 572 U.S. 65, 77 (2014).

[62] *Rosemond v. United States*, 572 U.S. 65, 77 (2014).

**Agreed Charge of the Court - Page  62  of 73**

PROPOSED JURY INSTRUCTION NO. 22

## 2.17   CONSPIRATOR'S LIABILITY FOR SUBSTANTIVE COUNT (*PINKERTON* LIABILITY)[63]

You will notice that Counts One, Two, Four, and Five though Ten in the Second Superseding Indictment cite to *Pinkerton v. United States*, 328 U.S. 640 (1946). A defendant is responsible for offenses committed by another coconspirator or other conspirators if the defendant was a member of the conspiracy when the coconspirator or coconspirators committed the offense, and if the offense was committed in furtherance of the conspiracy, and if the offense was as a foreseeable consequence of the conspiracy. In other words, *Pinkerton* stands for the proposition that a conspirator is criminally liable for the substantive offenses committed by another coconspirator that are reasonably foreseeable and committed in furtherance of the conspiracy.[64]

A defendant can be found guilty and held criminally liable for an offense under *Pinkerton* coconspirator liability even if the defendant was not charged with conspiracy.[65] Although conspirators must pursue the same criminal objective, it is not required that the conspiracy agrees to commit or facilitate each and every part of a substantive offense that

---

[63] This instruction is adapted from the Fifth Circuit *Pattern Jury Instructions*, but modified in accordance with binding caselaw.

[64] *United States v. Armstrong*, 619 F.3d 380, 387 (5th Cir. 2010) ("[U]nder the *Pinkerton* doctrine, a defendant can be found liable for the substantive crime of a coconspirator provided the crime was reasonably foreseeable and committed in furtherance of the conspiracy.") (Internal cites omitted).

[65] *Davis v. United States*, 12 F.2d 253, 257 (5th Cir. 1926) ("Although conspiracy be not charged, if it be shown by the evidence to exist, the act of one or more defendants in furtherance of the common plan is in law the act of all."); *accord United States v. Macey*, 8 F.3d 462, 468 (7th Cir. 1993) ("We have long recognized that [i]t is not essential that the indictment contain a separate count charging conspiracy in order to take advantage of the doctrines peculiar to conspiracy.") (internal marks omitted).

is furtherance of the conspiracy. A defendant must merely reach an agreement with the specific intent that the underlying criminal objective be achieved by the conspiracy.[66]

Therefore, for Counts One, Two, Four, and Five though Ten in the Second Superseding Indictment, you can find any defendant named therein guilty of that Count under *Pinkerton* as long as you find beyond a reasonable doubt that the defendant was part of a conspiracy, and the offense in that Count was committed by another member of the conspiracy in furtherance of that conspiracy, and the coconspirator's commission of that offense in that Count was reasonably foreseeable to the defendant.

**Defendant Elizabeth Soto requests the following instruction:**

**When the group activity out of which the alleged offense develops can be described as a bifarious undertaking, involving both legal and illegal purposes and conduct, there must be direct or circumstantial evidence of the defendant's own advocacy of and participation in the illegal goals of the conspiracy and you may not impute the illegal intent of alleged co-conspirators to the actions of the defendant.** [67]

**Defendants Elizabeth Soto, Evetts, and Ines Soto, and Arnold (Hill), and Maricela Rueda request the following instruction from the 2024 ed. of the Fifth Circuit**

---

[66] *Ocasio v. United States*, 136 S. Ct. 1423, 1429 (2016).

[67] Defendant Soto cites to *United States v. Markiewicz*, 978 F.2d 786, 813 (2nd Cir. 1992), for authority. The government opposes. As indicated, this instruction is from 2024 ed. of the Fifth Circuit Pattern Jury Instructions 2.17 at pg. 139 and binding caselaw and correctly represents *Pinkerton* liability under the law in this Circuit. Defendant Soto does not cite to any Fifth Circuit binding precedent for her proposed language.

**Agreed Charge of the Court - Page  64  of 73**

**Pattern Jury Instructions at 2.16 at pg. 136:**

**You must determine whether the conspiracy charged in the indictment existed, and, if it did, whether the defendant was a member of it. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you find that some other conspiracy existed. If you find that a defendant was not a member of the conspiracy charged in the indictment, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.[68]**

---

[68] The defendants further object and argue the proposed jury instruction on *Pinkerton* conspiracy liability needs to identify the conspiracy list the elements and then instruct the jury that it must first find the conspiracy beyond a reasonable doubt and only then consider the potential liability per the *Pinkerton* charge of that conspiracy. The government opposes this instruction because it is not a correct statement of the law regarding *Pinkerton* liability. Under *Pinkerton* and *Davis v. United States*, 12 F.2d 253, 257 (5th Cir. 1926) and *United States v. Macey*, 8 F.3d 462, 468 (7th Cir. 1993), a conspiracy is not required to be charged in the indictment for *Pinkerton* liability to attach to substantive offense charged in the indictment. The proposed jury instruction is for conspiracies charged in the indictment. Also, the elements for conspiracy as well as for *Pinkerton* liability already address the defendants' concerns and are a correct statement of the law. What the defendants are actually arguing is matters reserved for argument before the jury. The Pinkerton instruction directs the jury they must first find the defendant was in a conspiracy, then the substantive offense was committed in furtherance of that conspiracy, and then the commission of that substantive offense in furtherance of that conspiracy was foreseeable. The defendants are free to argue to the jury the government failed to prove a conspiracy existed.

PROPOSED JURY INSTRUCTION NO. 23

**1.19   ON OR ABOUT**

You will note that the Second Superseding Indictment charges that the offenses were committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the second superseding indictment.

PROPOSED JURY INSTRUCTION NO. 24

**1.41    "KNOWINGLY" – TO ACT**

The word *knowingly* as that term has been used from time to time in these

instructions, means that the act was done voluntarily and intentionally, not because of

mistake or accident.

PROPOSED JURY INSTRUCTION NO. 25

**1.43   "WILLFULLY"—TO ACT**

The word *willfully*, as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

PROPOSED JURY INSTRUCTION NO. 26

**1.21    CAUTION – CONSIDER ONLY CRIME CHARGED**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendants are guilty of the crimes charged in the Second Superseding Indictment and explained in these instructions. The defendants are not on trial for any act, conduct, or offense not alleged in the Second Superseding Indictment and not submitted to you in these instructions. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

PROPOSED JURY INSTRUCTION NO. 27

## 1.25   MULTIPLE DEFENDANTS—MULTIPLE COUNTS

A separate crime is charged against one or more of the defendants in each count of the Second Superseding Indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant. You must give separate consideration to the evidence as to each defendant.

PROPOSED JURY INSTRUCTION NO. 28

## 1.22   CAUTION - PUNISHMENT

If any defendant is found guilty, it will be my duty to decide what the punishment

will be. You should not be concerned with punishment in any way. It should not enter your

consideration or discussion.

PROPOSED JURY INSTRUCTION NO. 29
## 1.26   DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the Second Superseding Indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. Recall, you must base your verdict solely on the evidence and testimony at trial and not on any outside or online material or source. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your presiding juror, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience. (Explain verdict form.)

The presiding juror will write the unanimous answer of the jury in the spaces provided for each defendant and for each count of the Second Superseding Indictment, either guilty or not guilty. At the conclusion of your deliberations, the presiding juror should date and sign the verdict.

If you need to communicate with me during your deliberations, the presiding juror should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any defendant or any count of the Second Superseding Indictment, until after you have reached a unanimous verdict.

DATED: _____.


_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

No. 4:25-CR-259-P

CAMERON ARNOLD, ET AL.

**VERDICT OF THE JURY**

<u>COUNT ONE: RIOT</u>

1. We, the Jury, find the defendant, Cameron Arnold, also known as Autumn Hill, _____ [write Not Guilty or Guilty] as to Count One of the Second Superseding Indictment.

2. We, the Jury, find the defendant, Zachary Evetts,_____ [write Not Guilty or Guilty] as to Count One of the Second Superseding Indictment.

3. We, the Jury, find the defendant, Benjamin Song, _____ [write Not Guilty or Guilty] as to Count One of the Second Superseding Indictment.

4. We, the Jury, find the defendant, Savannah Batten, _____ [write Not Guilty or Guilty] as to Count One of the Second Superseding Indictment.

5. We, the Jury, find the defendant, Bradford Morris, also known as Meagan Morris, _____ [write Not Guilty or Guilty] as to Count One of the Second Superseding Indictment.

6. We, the Jury, find the defendant, Maricela Rueda, _____ [write Not Guilty or Guilty] as to Count One of the Second Superseding Indictment.

7. We, the Jury, find the defendant, Elizabeth Soto, _____ [write Not Guilty or Guilty] as to Count One of the Second Superseding Indictment.

8. We, the Jury, find the defendant, Ines Soto, _____ [write Not Guilty or Guilty] as to Count One of the Second Superseding Indictment.

COUNT TWO: PROVIDING MATERIAL SUPPORT TO TERRORISTS

1. We, the Jury, find the defendant, Cameron Arnold, also known as Autumn

   Hill, _____ [write Not Guilty or Guilty] as to Count Two of the

   Second Superseding Indictment.

2. We, the Jury, find the defendant, Zachary Evetts,_____

   [write Not Guilty or Guilty] as to Count Two of the Second Superseding

   Indictment.

3. We, the Jury, find the defendant, Benjamin Song, _____

   [write Not Guilty or Guilty] as to Count Two of the Second Superseding

   Indictment.

4. We, the Jury, find the defendant, Savannah Batten, _____

   [write Not Guilty or Guilty] as to Count Two of the Second Superseding

   Indictment.

5.  We, the Jury, find the defendant, Bradford Morris, also known as Meagan

    Morris, _____ [write Not Guilty or Guilty] as to Count Two

    of the Second Superseding Indictment.

6.  We, the Jury, find the defendant, Maricela Rueda, _____

    [write Not Guilty or Guilty] as to Count Two of the Second Superseding

    Indictment.

7.  We, the Jury, find the defendant, Elizabeth Soto, _____

    [write Not Guilty or Guilty] as to Count Two of the Second Superseding

    Indictment.

8.  We, the Jury, find the defendant, Ines Soto, _____

    [write Not Guilty or Guilty] as to Count Two of the Second Superseding

    Indictment.

COUNT THREE: CONSPIRACY TO USE OR CARRY AN EXPLOSIVE

1.  We, the Jury, find the defendant, Cameron Arnold, also known as Autumn
    Hill, _____ [write Not Guilty or Guilty] as to Count Three of the
    Second Superseding Indictment.

2.  We, the Jury, find the defendant, Zachary Evetts,___ _____
    [write Not Guilty or Guilty] as to Count Three of the Second Superseding
    Indictment.

3.  We, the Jury, find the defendant, Benjamin Song, _____
    [write Not Guilty or Guilty] as to Count Three of the Second Superseding
    Indictment.

4.  We, the Jury, find the defendant, Savannah Batten, _____
    [write Not Guilty or Guilty] as to Count Three of the Second Superseding
    Indictment.

5.  We, the Jury, find the defendant, Bradford Morris, also known as Meagan
    Morris, _____ [write Not Guilty or Guilty] as to Count Three
    of the Second Superseding Indictment.

6.  We, the Jury, find the defendant, Maricela Rueda, _____
    [write Not Guilty or Guilty] as to Count Three of the Second Superseding
    Indictment.

7.  We, the Jury, find the defendant, Elizabeth Soto, _____

    [write Not Guilty or Guilty] as to Count Three of the Second Superseding

    Indictment.

8.  We, the Jury, find the defendant, Ines Soto, _____

    [write Not Guilty or Guilty] as to Count Three of the Second Superseding

    Indictment.

COUNT FOUR: USE OR CARRY AN EXPLOSIVE

1. We, the Jury, find the defendant, Cameron Arnold, also known as Autumn Hill, _____ [write Not Guilty or Guilty] as to Count Four of the Second Superseding Indictment.

2. We, the Jury, find the defendant, Zachary Evetts,___ _____ [write Not Guilty or Guilty] as to Count Four of the Second Superseding Indictment.

3. We, the Jury, find the defendant, Benjamin Song, _____ [write Not Guilty or Guilty] as to Count Four of the Second Superseding Indictment.

4. We, the Jury, find the defendant, Savannah Batten, _____ [write Not Guilty or Guilty] as to Count Four of the Second Superseding Indictment.

5. We, the Jury, find the defendant, Bradford Morris, also known as Meagan Morris, _____ [write Not Guilty or Guilty] as to Count Four of the Second Superseding Indictment.

6. We, the Jury, find the defendant, Maricela Rueda, _____ [write Not Guilty or Guilty] as to Count Four of the Second Superseding Indictment.

7.  We, the Jury, find the defendant, Elizabeth Soto, _____

    [write Not Guilty or Guilty] as to Count Four of the Second Superseding

    Indictment.

8.  We, the Jury, find the defendant, Ines Soto, _____

    [write Not Guilty or Guilty] as to Count Four of the Second Superseding

    Indictment.

COUNT FIVE: ATTEMPTED MURDER OF OFFICERS OR EMPLOYEES OF UNITED STATES

1. We, the Jury, find the defendant, Cameron Arnold, also known as Autumn Hill, _____ [write Not Guilty or Guilty] as to Count Five of the Second Superseding Indictment.

2. We, the Jury, find the defendant, Zachary Evetts,_____ [write Not Guilty or Guilty] as to Count Five of the Second Superseding Indictment.

3. We, the Jury, find the defendant, Benjamin Song, _____ [write Not Guilty or Guilty] as to Count Five of the Second Superseding Indictment.

4. We, the Jury, find the defendant, Bradford Morris, also known as Meagan Morris, _____ [write Not Guilty or Guilty] as to Count Five of the Second Superseding Indictment.

5. We, the Jury, find the defendant, Maricela Rueda, _____ [write Not Guilty or Guilty] as to Count Five of the Second Superseding Indictment.

## COUNT SIX: ATTEMPTED MURDER OF OFFICERS OR EMPLOYEES OF UNITED STATES

1. We, the Jury, find the defendant, Cameron Arnold, also known as Autumn Hill, _____ [write Not Guilty or Guilty] as to Count Six of the Second Superseding Indictment.

2. We, the Jury, find the defendant, Zachary Evetts,_____ [write Not Guilty or Guilty] as to Count Six of the Second Superseding Indictment.

3. We, the Jury, find the defendant, Benjamin Song, _____ [write Not Guilty or Guilty] as to Count Six of the Second Superseding Indictment.

4. We, the Jury, find the defendant, Bradford Morris, also known as Meagan Morris, _____ [write Not Guilty or Guilty] as to Count Six of the Second Superseding Indictment.

5. We, the Jury, find the defendant, Maricela Rueda, _____ [write Not Guilty or Guilty] as to Count Six of the Second Superseding Indictment.

COUNT SEVEN: ATTEMPTED MURDER OF OFFICERS OR EMPLOYEES OF UNITED STATES

1. We, the Jury, find the defendant, Cameron Arnold, also known as Autumn Hill, _____ [write Not Guilty or Guilty] as to Count Seven of the Second Superseding Indictment.

2. We, the Jury, find the defendant, Zachary Evetts,_____ [write Not Guilty or Guilty] as to Count Seven of the Second Superseding Indictment.

3. We, the Jury, find the defendant, Benjamin Song, _____ [write Not Guilty or Guilty] as to Count Seven of the Second Superseding Indictment.

4. We, the Jury, find the defendant, Bradford Morris, also known as Meagan Morris, _____ [write Not Guilty or Guilty] as to Count Seven of the Second Superseding Indictment.

5. We, the Jury, find the defendant, Maricela Rueda, _____ [write Not Guilty or Guilty] as to Count Seven of the Second Superseding Indictment.

COUNT EIGHT: DISCHARGING A FIREARM DURING OR IN RELATION TO A CRIME OF VIOLENCE

1.  We, the Jury, find the defendant, Cameron Arnold, also known as Autumn Hill, _____ [write Not Guilty or Guilty] as to Count Eight of the Second Superseding Indictment.

2.  We, the Jury, find the defendant, Zachary Evetts,_____ [write Not Guilty or Guilty] as to Count Eight of the Second Superseding Indictment.

3.  We, the Jury, find the defendant, Benjamin Song, _____ [write Not Guilty or Guilty] as to Count Eight of the Second Superseding Indictment.

4.  We, the Jury, find the defendant, Bradford Morris, also known as Meagan Morris, _____ [write Not Guilty or Guilty] as to Count Eight of the Second Superseding Indictment.

5.  We, the Jury, find the defendant, Maricela Rueda, _____ [write Not Guilty or Guilty] as to Count Eight of the Second Superseding Indictment.

COUNT NINE: DISCHARGING A FIREARM DURING OR IN RELATION TO A CRIME OF VIOLENCE

1. We, the Jury, find the defendant, Cameron Arnold, also known as Autumn Hill, _____ [write Not Guilty or Guilty] as to Count Nine of the Second Superseding Indictment.

2. We, the Jury, find the defendant, Zachary Evetts,_____ [write Not Guilty or Guilty] as to Count Nine of the Second Superseding Indictment.

3. We, the Jury, find the defendant, Benjamin Song, _____ [write Not Guilty or Guilty] as to Count Nine of the Second Superseding Indictment.

4. We, the Jury, find the defendant, Bradford Morris, also known as Meagan Morris, _____ [write Not Guilty or Guilty] as to Count Nine of the Second Superseding Indictment.

5. We, the Jury, find the defendant, Maricela Rueda, _____ [write Not Guilty or Guilty] as to Count Nine of the Second Superseding Indictment.

COUNT TEN: DISCHARGING A FIREARM DURING OR IN RELATION TO A CRIME OF VIOLENCE

1. We, the Jury, find the defendant, Cameron Arnold, also known as Autumn Hill, _____ [write Not Guilty or Guilty] as to Count Ten of the Second Superseding Indictment.

2. We, the Jury, find the defendant, Zachary Evetts,_____ [write Not Guilty or Guilty] as to Count Ten of the Second Superseding Indictment.

3. We, the Jury, find the defendant, Benjamin Song, _____ [write Not Guilty or Guilty] as to Count Ten of the Second Superseding Indictment.

4. We, the Jury, find the defendant, Bradford Morris, also known as Meagan Morris, _____ [write Not Guilty or Guilty] as to Count Ten of the Second Superseding Indictment.

5. We, the Jury, find the defendant, Maricela Rueda, _____ [write Not Guilty or Guilty] as to Count Ten of the Second Superseding Indictment.

COUNT ELEVEN: CORRUPTLY CONCEALING A DOCUMENT OR RECORD

1. We, the Jury, find the defendant, Daniel Rolando Sanchez Estrada,

_____ [write Not Guilty or Guilty] as to Count Eleven of the

Second Superseding Indictment.

COUNT TWELVE: CONSPIRACY TO CONCEAL DOCUMENTS

1.   We, the Jury, find the defendant, Daniel Rolando Sanchez Estrada,

_____ [write Not Guilty or Guilty] as to Count Twelve of the

Second Superseding Indictment.

2.   We, the Jury, find the defendant, Maricela Rueda, _____

[write Not Guilty or Guilty] as to Count Twelve of the Second Superseding

Indictment.

_____          _____
Date                           Foreperson