UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**No. 4:25-cr-00259-P**

**ZACHARY EVETTS (02),**
**MARICELA RUEDA (06),**

    Defendants.

## ORDER

Before the Court is Defendant Evetts's  Unopposed Motion for Leave to File Supplement to Defense Response to Initial Presentence Investigation Report (ECF No. 484) and Motion for Leave to File Defendant's Sentencing Memorandum Out of Time (ECF No. 485). Having reviewed the Motions and the relevant law, the Court finds that the Motions should be and hereby are **GRANTED**. Accordingly, the Court **ORDERS** Defendant Evetts to file the documents **on or before June 5, 2026 at 12:00 p.m.**

Also before the Court is Defendant Rueda's Motion for (1) Reconsideration of Extension of Deadline for PSR Objections and Continuance of Sentencing; (2) CJA Funding for Digital Forensics Expert; (3) Continuance of Sentencing Hearing; and (4) Severance of Defendant's Sentencing Hearing from Co-Defendants. ECF No. 487. Having reviewed the Motion, the record, and the relevant law, the Court finds that the Motion should be and hereby is **GRANTED in part and DENIED in part.**

The request for an extension of the deadline for PSR objections is **GRANTED.** Accordingly, Defendant Rueda shall file her objections **on or before June 12, 2026.** The remaining requests in the Motion are **DENIED.**

"The Due Process Clause of the Fifth Amendment requires that a criminal trial not be fundamentally unfair." *United States v. Gentry*, 941 F.3d 767, 784 (5th Cir. 2019). The denial of the remaining requests does not infringe upon that right.

Regarding the request for CJA funds to hire a digital forensics expert, Rueda fails to specifically articulate how the digital forensics expert would contribute to her defense. If the Government proceeds against an indigent criminal defendant without making certain that he has access to the raw materials integral to the building of an effective defense, then the trial is fundamentally unfair. *Id.* (citing *Ake v. Oklahoma*, 470 U.S. 68, 77 (1985)).

In *Gentry*, the district court denied a request for CJA funds to hire a private investigator that was requested because counsel had a difficult time locating a witness. *Id.* at 782. When re-urging the request, counsel stated that the witness "may be useful" at trial because there were text messages "that could be construed a number of different ways." *Id.* The United States Court of Appeals for the Fifth Circuit held it was not an abuse of discretion to deny a request for CJA funding where the Defendant failed to illustrate that the contribution of an investigator to his defense would have been anything but minimal. *Id.* The Fifth Circuit elaborated that Defendant "did not articulate any specific insight" that might be added by the witness. *Id.*

The same is true here. The only stated reason for the request is the following: "Counsel's review has revealed that the underlying forensic images and extraction data have not been independently examined on behalf of the defense." ECF No. 487 at 15. This explanation, like the explanation in *Gentry*, is insufficient.

As with the other requests in the Motion, counsel knew what the deadlines were when taking the case and knew the work that needed to be done. Counsel was substituted on May 22, 2026, a month before sentencing. ECF No. 428. The trial transcripts were filed on May 29, 2026. ECF Nos. 455–466, 468–470, 472. Newly substituted counsel therefore has sufficient time to review the transcripts before sentencing.

Excluding the CJA appointed counsel, Defendant Rueda has had four retained attorneys—two of which are still active, including one who was present at trial.[1] Given the circumstances, denying the remaining requests in the Motion would not render the proceedings fundamentally unfair.[2]

**SO ORDERED** on this **4th day of June 2026.**

_Mark T. Pittman_

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that on June 1, 2026, the newly substituted counsel indicated that the other active attorney expects to withdraw. ECF No. 476 at 1 ("Ms. Pamplin has notified undersigned counsel that she will file a motion to withdraw today to make clear her lack of involvement at this stage."). However, a review of the record indicates a motion to withdraw has still yet to be filed.

[2] In cases where defendants flip between proceeding with appointed counsel and proceeding *pro se*, "[a] defendant is not entitled to choreograph special appearances by counsel, or repeatedly-alternate his position on counsel in order to delay his trial or otherwise obstruct the orderly administration of justice." *Cleveland v. Stephens*, No. 4:14-CV-462-A, 2016 WL 1047385, at *6 (N.D. Tex. Mar. 9, 2016) (McBryde, J.) (citing *United States v. Taylor*, 933 F.2d 307, 311 (5th Cir. 1991)) (internal citation omitted). The Court sees no difference here, especially when there is sufficient time to review the record before sentencing.

3