IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.                                                    NO. 4:25-CR-00259-P

ZACHARY EVETTS (02)

## PRELIMINARY ORDER OF FORFEITURE

Based on the government's Opposed Motion for Preliminary Order of Forfeiture, and good cause appearing, the Court GRANTS the motion.

The Court FINDS:

Considering the defendant's guilty verdicts on the charges in the second superseding indictment, the defendant must forfeit certain property. For Count Two charging the defendant with Providing Material Support to Terrorists in violation of 18 U.S.C. § 2339A, and under 18 U.S.C. § 981(a)(1)(c) and (G) and 28 U.S.C. § 2461(c), the defendant must forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense as well as all assets, foreign or domestic, (1) of any individual, entity, or organization engaged in planning or perpetrating any Federal crime of terrorism, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization; (2) acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism; and (3) derived from, involved in, or used or intended to be used to commit any crime of terrorism.  For Count Three and Four charging the defendant with Conspiracy to Use and Carry An Explosive in violation

Preliminary Order of Forfeiture – Page 1

of 18 U.S.C. § 844(m) and under 18 U.S.C. § 981(a)(1)(C) and (G), 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 844(c), and 28 U.S.C. § 2461(c) the defendant must forfeit to the United States any explosive materials involved or used or intended to be used in the offense; any property, real or personal, constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of the offense; as well as all assets, foreign or domestic, (1) of any individual, entity, or organization engaged in planning or perpetrating any Federal crime of terrorism, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization; (2) acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism; and (3) derived from, involved in, or used or intended to be used to commit any crime of terrorism.

Based on the jury's verdict and the evidence offered at trial such property includes:

   a. 2016 Mazda CX-5, registered to Zachary Evetts near 1209 Sunflower Ln., Alvarado, TX
   b. Miscellaneous Firearms, Ammunition, and Accessories seized from a 2016 Red Mazda CX5, VIN: JM3KE2CY9G0659381, registered to Zachary Evetts
   c. Miscellaneous Tactical Equipment seized from a 2016 Red Mazda CX5, VIN: JM3KE2CY9G0659381
   d. Miscellaneous General Items seized from a 2016 Red Mazda CX5, VIN: JM3KE2CY9G0659381, registered to Zachary Evetts
   e. White Apple iPhone in navy blue case seized from a 2016 Red Mazda CX5, VIN: JM3KE2CY9G0659381, registered to Zachary Evetts

f.  Miscellaneous Firearms, Ammunition, and Accessories seized from 1572 Wildflower Drive, Waxahachie, TX 75165

g.  Miscellaneous Electronic Devices seized from 1572 Wildflower Drive, Waxahachie, TX 75165

h.  Miscellaneous Tactical Equipment seized from 1572 Wildflower Drive, Waxahachie, TX 75165

i.  Miscellaneous General Items seized from 1572 Wildflower Drive, Waxahachie, TX 75165

j.  $458.00 in U.S. Currency seized from 1572 Wildflower Drive, Waxahachie, TX 75165

("Subject Property").  The property mentioned in paragraphs b, c, d, f, g, h, and i, is further described in Attachment A.

The Subject Property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(c) and (G), 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(2)(B), and 18 U.S.C. § 844(c) because the United States has established the requisite nexus between the property and the offense.

Accordingly, IT IS HEREBY ORDERED:

Pursuant to 21 U.S.C. § 853(a) and Fed. R. Crim. P. 32.2(b), all right, title, and interest in the Subject Property is forfeited to the United States of America.

Under Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or designee) is authorized to seize the Subject Property, conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, and commence an ancillary proceeding under 21 U.S.C. § 853(n) to account for potential third-party interests.

Under 21 U.S.C. § 853(n)(1), the United States shall publish notice of this Order on the government's internet website, www.forfeiture.gov.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

Under 21 U.S.C. § 853(n)(2), any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property.

Under 21 U.S.C. § 853(n)(3), any third-party petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claims, and the relief sought.

Under Fed. R. Crim. P. 32.2(c)(1)(B), after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

Under 21 U.S.C. § 853(n)(7), the United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

**Preliminary Order of Forfeiture – Page 4**

Under Fed. R. Crim. P. 32.2(b)(4), this order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and referenced in the judgment.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary under Fed. R. Crim. P. 32.2(e).

**SO ORDERED** on this 17th day of June, 2026.

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

**Preliminary Order of Forfeiture – Page 5**